505 A.2d 601

**Betty TRUMPP, Appellant,**

v.

**Stanley TRUMPP.**

Superior Court of Pennsylvania.

Submitted Oct. 23, 1985.

Filed Dec. 27, 1985.

Reargument Denied March 10, 1986.

206

Peter J. Hill, Assistant Public Defender, Bloomsburg, for appellant.

Michael J. Irey, Berwick, for appellee.

Before ROWLEY, HESTER and LIPEZ, JJ.

HESTER, Judge:

The question raised by this appeal is whether wife-appellant can assert the validity of a separation agreement containing a provision for child support when she had failed to raise such a defense in prior support modification proceedings. The lower court held that she had waived such an argument by failing to demand adherence to the terms of the agreement in previous actions, and reduced husband-appellee's support obligation below the amount specified in the agreement. We disagree and, for the following reasons, we reverse.

On April 17, 1980, the parties, who were at that time married and residents of New York, entered into a separation agreement for the disposition of their respective prop-

erty rights and for the custody and support of their two minor children. Specifically, the agreement provided that appellant would retain custody of the children and appellee would pay $80 per week for their support and $20 per week for appellant's support. The agreement further stipulated that the obligations set forth therein would survive and would not merge into a subsequent divorce decree, and that it could be enforced independently of such a decree.

Approximately one year later, appellant filed a petition for support in Luzerne County, alleging that appellee ceased making support payments as of September, 1980. An order was thereafter entered on June 22, 1981, directing appellee to pay $150 per month for two months and thereafter $350 per month for the support of appellant and her two children.[1]

Alleging changed circumstances, appellee thereafter filed a petition to modify the order, which was granted on September 23, 1982. That order reduced appellee's support payments to $240 per month for six months and thereafter to $140 per month, plus $30 per month toward arrearages.

On October 7, 1982, appellant filed a petition for modification and appellee cross-filed. Before a hearing was held on the parties' cross-petitions, a divorce decree was entered in New York on January 9, 1984. The decree provided that the separation agreement of 1980 would survive and would not be merged into the divorce decree.

A hearing on the cross-petitions was held on February 7, 1984. For the first time, appellant asserted the applicability of the separation agreement and argued that the trial court lacked authority to set aside or reduce the amount of support called for in the agreement. The court rejected appellant's contentions and entered an order directing appellee to pay $350 per month for support of appellant and her children until January 15, 1984, when the support

1. Although it is unclear from the record, we surmise that appellee moved to Pennsylvania in 1981, and appellant pursued her support action in our jurisdiction.

payments would be reduced to $100 per month. Appellant thereafter perfected this appeal.

The lower court, in its opinion, conceded the validity of the separation agreement. The elements of an enforceable separation agreement were recently discussed in *Millstein v. Millstein*, 311 Pa.Super. 495, 457 A.2d 1291 (1983). Therein, we ruled that a separation agreement containing support provisions precludes any later reduction in the specified amount if it is a detailed agreement covering all aspects of the economic relationships of the parties, it is not one-sided, both spouses are adequately counselled, the agreement does not merge into the divorce decree, and the amount of support provided is not inadequate. *Id.*, 311 Pa.Superior Ct. at 507, 457 A.2d at 1297.

We concur with the trial court that the agreement in this case clearly meets these criteria. It is an extensive document, with twenty-eight articles covering forty-five pages. Both parties were represented by counsel and the resultant document protects the rights of each party. The support provisions cannot be considered inadequate, and the agreement covers all contingencies relating to the education and emancipation of the minor subjects. Finally, the agreement provides in precise language for a non-merger in the event of a divorce decree.[2]

In spite of the agreement's facial validity, the trial court held that appellant had waived its enforceability by failing to advance that argument in earlier proceedings. The court applied contract law to this factual setting and concluded that appellant's failure to raise the enforceability of the separation agreement in the two earlier actions constituted a waiver of that defense. The court reasoned that appellant's conduct indicated an intention to relinquish her rights pursuant to that agreement, and concluded that it would be

2. Once a separation agreement is incorporated into a divorce decree, the separation agreement merges and is no longer given independent effect. *Brown v. Hall*, 495 Pa. 635, 435 A.2d 859 (1981); *Commonwealth ex rel. Tokach v. Tokach*, 326 Pa.Super. 359, 362, 474 A.2d 41, 42 (1984).

inequitable to find otherwise in light of appellee's reliance upon that waiver.

■ Unarguably, the application of contract law was appropriate in this instance. It is well settled that property settlement agreements between husband and wife will be enforced by the courts in accordance with the same rules of law which are used in determining the validity of contracts generally. *Vankirk v. Vankirk,* 336 Pa.Super. 502, 485 A.2d 1194 (1984); *DeWitt v. Kaiser,* 335 Pa.Super. 258, 484 A.2d 121 (1984); *Kleintop v. Kleintop,* 291 Pa.Super. 491, 436 A.2d 223 (1981); *Schmitz v. Schmitz,* 305 Pa.Super. 328, 451 A.2d 555 (1982). To that end, we must look to the terms of a contract when called upon to enforce rights pursuant thereto. The contract must be construed only as written. If an agreement contains clear and unambiguous terms, a court may not modify the plain meaning of the words under the guise of interpretation. *Mears, Inc. v. National Basic Sensors, Inc.,* 337 Pa.Super. 284, 486 A.2d 1335 (1984).

■ The court chose to base its decision upon the prior conduct of appellant, who never asserted the enforceability of the contract in the past. Undeniably, contract provisions can be waived, expressly or impliedly. *Black Top Paving Co. v. Com., Dept. of Transportation,* 77 Pa.Cmwlth. 612, 466 A.2d 774 (1983). *See* 8 P.L.E. § 366. However, we disagree that appellant acquiesced in or sanctioned appellee's petitions to modify the terms of the separation agreement.

■ In the prior support actions, appellant did not consent to appellee's requests for reductions in his support obligations. Although she did not raise the terms of the agreement as a defense or seek specific performance, the filing of answers to appellee's petitions cannot be construed as express or implied waiver of the contract.

In *Madnick v. Madnick,* 339 Pa.Super. 130, 488 A.2d 344 (1985), a similar situation arose. The husband agreed, as part of a separation agreement, to pay $200 weekly for

child support. The court later suspended the original court order entered pursuant to the agreement, and reinstated it at a reduced rate. When the wife thereafter sought to enforce the original terms of the agreement, we held that the intent of the parties, as manifested by the terms of the agreement, was to be bound by the contractual obligation irrespective of an interim reduction.

Herein, the plain terms of the separation agreement evince an intent to enter into binding contractual obligations. Moreover, the parties expressly provided in Article XXIV that:

> Neither this Agreement nor any provision thereof shall be amended or modified or deemed amended or modified, except by an agreement in writing duly subscribed and acknowledged with the same formality as this Agreement. Any waiver by either party of any provision of this Agreement, or any right or option hereunder shall not be deemed a continuing waiver, and shall not prevent or estop such party from thereafter enforcing such provision, right or option, and the failure of either party to insist in any one or more instances upon the strict performance of any of the terms or provisions of this agreement by the other party shall not be construed as a waiver or relinquishment for the future of any such term or provision, but the same shall continue in full force and effect.

This language can only be construed as clear and unambiguous and, as such, must be given full force and effect. *DeWitt v. Kaiser, supra.* No agreement in writing was signed by the parties amending or modifying the separation agreement. Moreover, even if appellant's conduct could be construed as a waiver, and we rule that it does not so operate, the terms of the above-cited article explicitly empower her to later enforce the provisions so waived. If appellant chooses to demand strict performance, she has that right in accordance with the terms of the separation agreement and as supported by the result in *Madnick.* Consequently, we are constrained to reverse the trial court

decision and remand for the entry of an order directing appellee to pay the amounts of support embodied in the separation agreement.

Reversed and remanded for entry of order directing appellee to pay $80 per week for child support and $20 per week for support of appellant. Jurisdiction is relinquished.