619 A.2d 754

**Carrl J. CREEKS, Appellant,**

v.

**John H. CREEKS.**

Superior Court of Pennsylvania.

Argued Oct. 13, 1992.

Filed Jan. 19, 1993.

Mark A. Criss, Evans City, for appellant.

Wesley F. Hamilton, Zelienople, for appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

JOHNSON, Judge:

Carrl Creeks appeals from an order which denied her Petition For the Imposition of a Constructive Trust on marital assets which were not disclosed by John Creeks (Husband) during the negotiation of the marital settlement agreement and also denied Wife's request for attorney's fees. We reverse.

The parties were married on January 19, 1945. On April 17, 1989, Wife filed for divorce. Prior to entering into a Marital Settlement Agreement (Agreement), Husband filed his Inventory and Appraisement. The parties entered into the Agreement on December 5, 1990. On December 24, 1990, the parties were divorced. The Agreement was incorporated but not merged into the divorce decree.

On August 22, 1991, Wife filed a Petition For Imposition of a Constructive Trust and for Attorney's Fees. Wife's petition alleged that Husband had breached the disclosure clause of the Agreement by failing to disclose certain marital funds

which were deposited, during the marriage, into Husband's paramour's bank account. Wife sought to have a constructive trust imposed by the court on the undisclosed assets and the provision of attorney's fees. Following a hearing on this issue, the trial court denied Wife's petition. It is from this order that Wife appeals.

Wife presents four issues for our review:

1. Whether the trial court erred in failing to enforce, as written, an explicit warranty concerning disclosure of assets contained in the Agreement.

2. Whether the trial court erred by imposing on Wife the burden of proving the omission of assets from Husband's disclosure of assets statement was either intentional or negligent.

3. Whether the trial court abused its discretion by declining Wife's request for a continuance and supplemental hearing, after Husband's surprise testimony attributing the non-disclosure of assets to his previous attorney.

4. Whether the trial court erred in failing to award attorney's fees pursuant to the language contained in the Agreement.

First, Wife contends that the trial court erred in failing to enforce the Warranty of Financial Information, contained in paragraph 4 of the Agreement. We agree.

The pertinent paragraph of the Agreement reads as follows:

4. *Warranty of Financial Information.* The parties each represent and warrant to the other that he or she has made complete and accurate disclosure to the other of all assets of any nature whatsoever in which such party has or may have an interest and of all the facts relating to the subject matter of this Agreement. Husband specifically warrants the accuracy and completeness of the financial information provided to Wife as set forth on the Inventory and Appraisement Forms filed with the Court at F.C. # 89–339–D, Book 22, Page 339. Husband and Wife further warrant to each other that neither has received any lump sum advance payment from Mr. and Mrs. Reeb as the

purchasers of 113 South Milton Street under the existing Article of Agreement.

Wife alleges that Husband provided funds, totaling $2,887.32, to Sharon Shields (now Sharon Creeks) during a series of transactions between May, 1988, and September, 1988. The funds transferred to Shields were not listed on Husband's Inventory and Appraisement Forms, despite the warranty in paragraph 4 of the Agreement. The trial court specifically found that Husband did transfer the funds to Shields. Trial court opinion, January 24, 1992, at 2. The trial court however, concluded that Husband did not breach paragraph 4 of the Agreement because he sent a letter to his then attorney informing the attorney that "he had received $2,887.00 from a friend who was keeping it for him." Trial court opinion, January 24, 1992 at 2. This conclusion is in error.

When construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties understanding. *McMahon v. McMahon*, 417 Pa.Super. 592, 612 A.2d 1360 (1992) (*en banc*). The court must construe the contract only as written and may not modify the plain meaning of the words under the guise of interpretation. *Trumpp v. Trumpp*, 351 Pa.Super. 205, 505 A.2d 601 (1985). When the terms of a written contract are clear, this Court will not re-write it or give it a construction in conflict with the accepted and plain meaning of the language used. *Litwack v. Litwack*, 289 Pa.Super. 405, 433 A.2d 514 (1981). Conversely, when the language is ambiguous and the intention of the parties cannot be reasonably ascertained from the language of the writing alone, the parol evidence rule does not apply to the admission of oral testimony to show both the intent of the parties and the circumstances attending the execution of the contract. *DeWitt v. Kaiser*, 335 Pa.Super. 258, 484 A.2d 121 (1984).

In this case, the language of the Agreement required each party to make "a complete and accurate disclosure to the other of all assets of any nature whatsoever in which such

party has or may have an interest. . . ." This language is clear. Husband and Wife had a duty under the terms of their agreement to disclose *all* assets to each other regardless of their source. This duty was not assignable, under the contract, but inured personally to Husband and Wife. When Husband specifically warranted that the Inventory and Appraisement Forms were complete and accurate, Husband could not avoid this warranty merely by informing his attorney of the existence of the funds. Husband had a duty to actually disclose the existence of the funds to Wife in the Inventory and Appraisement Forms. A review of the Inventory and Appraisement Forms, the testimony, and the trial court's findings, indicates Husband did not disclose the existence of the $2,887.32. We, therefore conclude that the trial court erred in failing to find that the plain language of the Agreement was breached by Husband's lack of complete disclosure of his assets.

Since the Agreement was breached by Husband's failure to completely disclose all of his financial assets, we will now address Wife's second issue. Wife asks: what remedy is available for a breach of a warranty to disclose assets under a marital settlement agreement, and what standard must the trial court use when determining whether to impose that remedy?

Wife directs us to 23 Pa.C.S. § 3505(d) in support of her contention that a constructive trust should be imposed upon the Husband's undisclosed assets. This section states:

> **(d) Constructive trust for undisclosed assets.**—If a party fails to disclose information required by subsection (b) and in consequence thereof an asset or assets with a fair market value of $500 or more is omitted from the final distribution of property, the party aggrieved by the nondisclosure may at any time petition the court granting the award to declare the creation of a constructive trust as to all undisclosed assets for the benefit of the parties and their minor or dependent children, if any. The party in whose name the assets are held shall be declared the constructive trustee, and the trust may include any terms and conditions

the court may determine.  The court shall grant the petition upon a finding of a failure to disclose the assets as required under subsection (b).

This section mandates the imposition of a constructive trust when a party fails to disclose financial assets, and that failure results in the omission of an asset with a fair market value of $500 or more from the equitable distribution scheme.  Husband's failure to disclose resulted in $2,887.32 being omitted from the equitable distribution agreement between the parties.

Here, the trial court concluded that, since Wife failed to prove that Husband's failure to disclose the funds was motivated by a desire to avoid equitable distribution, it could not impose a constructive trust on Husband's assets.  This conclusion by the trial court reveals a misunderstanding of the statutory requirements under 23 Pa.C.S. § 3505.  This section does not include a requirement that the failure to disclose an asset be a deliberate or intentional effort to avoid subjecting funds to the equitable distribution process.  The statute merely requires the non-disclosure of funds which could have been the subject of equitable distribution regardless of the intent of the party failing to disclose those assets.

The previously enacted version of this statute required a party to "deliberately or negligently" fail to disclose assets before a constructive trust would be imposed on the omitted assets.  *See* Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 403(c).  However, the 1990 version of this statute requires only the failure to disclose without placing any further burden on the party proving non-disclosure to characterize the nature of those actions.

After a thorough review of the record, we conclude that since Husband failed to disclose assets which may have been the subject of equitable distribution, a constructive trust for the amount of those assets should be placed on the present financial assets of Husband in the amount of $2,887.32.

■  We need not address Wife's third issue as it is not required for the disposition of this action.  In the fourth issue

of this appeal, Wife contends that the trial court erred in failing to award attorney's fees pursuant to paragraph 7 of the Agreement, which states:

> 7. *Attorney's Fees in Event of Breach.* In the event enforcement proceedings are instituted because of a breach or alleged breach of this Agreement or any Court Order entered thereunder by either party, the prevailing party in such proceedings shall be entitled to an award of counsel fees for all time reasonably expended in connection with the enforcement of this Agreement. It is stipulated that a rate of One Hundred ($100.00) Dollars per hour is a reasonable hourly fee.

The plain language of the parties' agreement provides for the award of attorney's fees, if an enforcement proceeding must be brought because of the breach of the Agreement by either party. The trial court did not award attorney's fees as it concluded that breach of the Agreement had not occurred. Since we conclude that Husband's failure to disclose all of his monetary assets constituted a breach of the disclosure warranty in paragraph 4 of the Agreement, attorney's fees should have been awarded pursuant to the plain language of paragraph 7 of the parties' Agreement. We remand to the trial court for the imposition of attorney's fees following a hearing at which Wife will be permitted to present evidence of all attorney's fees and other costs incurred in the enforcement of the marital settlement agreement, including the costs of this appeal.

Accordingly, for the foregoing reasons, we reverse the order of the trial court and remand for proceedings not inconsistent with this opinion.

Order Reversed and Case Remanded. Jurisdiction relinquished.