CIRILLO, Judge:
This is an appeal from an order of the Court of Common Pleas of Allegheny County. We affirm.
On January 28, 1994, the Honorable Cynthia A Baldwin denied appellant Renee C. Valant’s (Wife) request for a hearing on counsel fees. Wife alleged that appellee Edward Anton Valant, Jr. (Husband) had violated the parties’ marriage settlement agreement and was, therefore, responsible for Wife’s counsel fees and expenses associated with enforcement of the agreement. Wife argues that the court’s failure to schedule a hearing on this issue violated her right to due process.
The parties were married on October 15, 1990 and divorced on September 18, 1991. Just prior to entry of the divorce decree, on *1088 August 16, 1991, the parties entered into a marriage settlement agreement. The agreement purported to resolve the outstanding economic issues between the parties. The agreement provides, in pertinent part:
8. ... For her interest in the commercial assets of the marital estate, Wife recognized that she received more than 50% of the personal assets and Wife shall relinquish all of her right, title and interest in the property and stock of Keystone Spring Service, Inc., and the real estate located in the Strip District of the City of Pittsburgh, Pennsylvania and Portersville, Pennsylvania, and in consideration of such relinquishment, Wife shall receive payment in the sum of $75,000.00 per year for a period of 20 years following the execution of this agreement.
s¡: :}: sfc ^ sj* í¡<
11. The installment payments ... shall be secured and pledged by Certificates of Deposit currently with a value of at least $509,000.00 held in the name of Husband’s late father, Edward Anton Valant, Sr. Said Certificates of Deposit shall be held and interest accumulated thereon in the possession of Husband’s Lawyer, with instructions that said Certificates shall not be turned over to anyone or pledged or encumbered without evidence that Husband’s obligation under Paragraph 8 of this Agreement has been paid in full or without the consent of Wife. In the event Husband’s lawyer is unable or unwilling to provide said service or in the event of said lawyer’s death, disability, or incompetence, or if said lawyer shall move out of the jurisdiction of Pennsylvania, a successor lawyer shall be selected,
(emphasis added). Further, paragraph 6 provides in part:
Should either party have to pursue remedies through the Court, then that party upon prevailing may, if the Court deems it equitable and proper, be awarded reasonable counsel fees to compensate for the necessity of having to seek the aid of the court to enforce this Agreement.
The parties’ personal assets were valued at over 1.7 million dollars. These assets were divided between the parties pursuant to the agreement. In consideration for Wife’s relinquishment of her interest in the parties’ business assets, Husband was to pay Wife $75,000.00 each year in accordance with paragraphs 8 and 11 of the marriage settlement agreement.
After the parties executed the agreement, it was determined that the Husband’s father’s estate did not contain the Certificates of Deposit which were to be used as security for the installment payments. Upon this discovery, both parties agreed that negotiations commence for substitute security. Approximately one year after negotiations began, the parties entered into a consent order and addendum to the marriage settlement agreement. This consent order and addendum provided for substitute security for the installment payments. The consent order, dated October 13, 1993, provides in relevant part:
With the consent of the parties and their counsel, it is hereby ORDERED, ADJUDGED and DECREED that the following substitute security shall be established within thirty (30) days:
1. Plaintiff [Husband] shall execute a Note to Defendant [Wife] in the amount of $1,312,500.00, a mortgage to Defendant [Wife] on property located in Muddyereek Township, Butler County, Pennsylvania, and a mortgage to Defendant on property located in the 6th Ward of Pittsburgh, Allegheny County, Pennsylvania.
2. The property located in Muddyereek Township, Butler County, Pennsylvania has an approximate value of $270,000 as represented by West Penn appraisers on which Defendant [Wife] relied in accepting said property as security.
3. The property located in the 6th Ward of Pittsburgh, Allegheny County, Pennsylvania has an approximate value of $580,000 as represented by West Penn Appraisers on which Defendant [Wife] relied in accepting said property as security.
4. Plaintiff [Husband] shall designate Defendant [Wife] as irrevocable primary beneficiary on SMA Life Assurance Company life policy # L 559 387-00 in the face amount of $600,000.00 and maintain such *1089 designation and face amount until further Order of Court and/or the satisfaction of all obligations called for in the Agreement.
Hi H* ifc sis sfc *
Both parties signed the consent order and it was filed of record on October 13, 1993. On January 28, 1994, Wife presented to the court a petition for reimbursement of counsel fees and expenses and requested a hearing on the petition. The trial court, noting that Wife did not seek the aid of the court to enforce the agreement, denied Wife’s petition and request for a hearing. On appeal, Wife raises the following two issues:
1. Did the trial court err in failing to schedule a hearing on the issue of reimbursement of counsel fees incurred due to Husband’s non-compliance with the parties’ Marital Settlement Agreement, thus denying Wife her right of due process?
2. Did the trial court err in failing to order Husband to further perfect security on his financial obligations to Defendant under the Marital Settlement Agreement until such time as the security called for in said Agreement had been duplicated in quality?
Wife relies upon the case of Creeks v. Creeks, 422 Pa.Super. 432, 619 A.2d 754 (1993) to support her argument. In Creeks, the parties entered into a marital settlement agreement. Like the agreement presented here, the Creeks’ agreement specifically provided for counsel fees in the event of a breach of any provision. The agreement stated in relevant part:
7. Attorney’s Fees in Event of Breach. In the event enforcement proceedings are instituted because of a breach or alleged breach of this Agreement or any Court Order entered thereunder by either party, the prevailing party in such proceedings shall be entitled to an award of counsel fees for all time reasonably expended in connection with the enforcement of this Agreement....
Id. at 438, 619 A.2d at 757. The Creeks’ agreement also contained a provision requiring each party to make “a complete and accurate disclosure to the other of all assets of any nature whatsoever in which such party has or may have an interest.” Id. In Creeks, Wife alleged that Husband had breached this disclosure clause. The trial court disagreed and found no breach. On appeal, this court reversed, finding that Husband had breached his duty to disclose the existence of certain assets. Because Wife had instituted enforcement proceedings in the trial court, this court held that under the agreement she was entitled to counsel fees. Id. We stated:
The plain language of the parties’ agreement provides for the award of attorney’s fees, if an enforcement proceeding must be brought because of the breach of the Agreement by either party. The trial court did not award attorney’s fees as it concluded that breach of the Agreement had not occurred. Since we conclude that Husband’s fabure to disclose all of his monetary assets constituted a breach of the disclosure warranty in paragraph 4 of the Agreement, attorney’s fees should have been awarded pursuant to the plain language of paragraph 7 of the parties’ Agreement.
Id. (emphasis added).
When interpreting agreements involving clear and unambiguous terms, this court need only examine the writing itself to give effect to the parties’ understanding. McMahon v. McMahon, 417 Pa.Super. 592, 612 A.2d 1360 (1992) (en banc); Creeks, supra. This court must construe the contract only as written and may not modify the plain meaning of the words under the guise of interpretation. Trumpp v. Trumpp, 351 Pa.Super. 205, 505 A.2d 601 (1985). ‘"When the terms of a written contract are clear, this Court will not re-write it or give it a construction in conflict with the accepted and plain meaning of the language used.” Creeks, 422 Pa.Super. at 435, 619 A.2d at 756 (citing Litwack v. Litwack, 289 Pa.Super. 405, 433 A.2d 514 (1981)).
The language to which Wife refers is clear and unambiguous. Paragraph 6 of the agreement plainly states that reasonable attorney’s fees will be awarded “[s]hould either party have to pursue remedies through the Court.” Here, Wife did not pursue a remedy through the court; instead, she entered into *1090 settlement negotiations with Husband and the parties eventually settled the matter. At no time prior to Wife’s filing of her petition for counsel fees did she seek the aid of the court to enforce the terms of the agreement. For this reason, we find the Creeks case, although applicable, is not favorable to Wife. The reasoning in Creeks, when applied to the case before us, leads us to the conclusion that the trial court properly denied counsel fees. Wife’s reliance on Creeks, therefore, is misplaced.
In her second claim, Wife contends that the agreement provided that Husband post security for the amount owed Wife. This was to be accomplished in the form of a certificate of deposit in the amount of $509,-000.00 plus accrued interest. It was later determined that the certificate of deposit did not exist. Pursuant to consent order/addendum to the marital settlement agreement, Husband executed substitute security in the form of a note to Wife in the amount of $1,312,500.00, a mortgage to Wife on property located in Muddycreek Township, Butler County, valued at $270,000.00, and a mortgage to Wife on property located in Allegheny County, valued at $580,000.00. The parties both signed the consent order. On appeal, Wife claims that the substitute security is inferior and that the trial court should have ordered Husband to further perfect security until such time as the security called for in the marital settlement agreement had been duplicated in quality.
We find this claim meritless. Wife signed the consent order and cannot now be heard to contest the quality of the security.
Order affirmed.