## Mrozek v. Eiter

C.P. of Westmoreland County, no. 5914 of 1998.

*Gary E. Wieczorek,* for plaintiff.
*John F. Deasy,* for defendant.

LOUGHRAN, *P.J.,* May 3, 2001—Defendant, David T. Eiter, is a former employee of Disaster Specialists, a contracting business, owned by plaintiffs, Jeffrey Mrozek and Brian Mrozek. On October 2, 1998, Mr. Eiter tendered a letter of resignation to Disaster Specialists verbally informing the Mrozeks that he was going to work for Purofirst of Three Rivers. Eiter began working for Purofirst on or about October 12, 1998. Plaintiffs be-

lieved Eiter's acceptance of the position with Purofirst was in violation of an employment agreement that he had signed with plaintiffs in that the agreement contained a covenant not to compete which prohibited Eiter from performing services for any competitor of Disaster Specialists within a 100-mile radius of Disaster Specialists' offices for two years after the end of his employment.

Disaster Specialists commenced this action by filing a complaint in equity on October 16, 1998 seeking enforcement of the noncompete provisions of the aforesaid employment agreement along with attorney fees pursuant to the agreement. The complaint was brought against Dave Eiter and Purofirst. Additionally, plaintiffs filed a motion for preliminary injunction seeking an order enjoining Dave Eiter from working for Purofirst.

On October 16, 1998, this court issued an order temporarily barring Eiter from working for Purofirst. On December 11 and December 14, 1999, a trial was held in this matter. On February 4, 1999, findings of fact, discussion, conclusions of law and an order were issued. The preliminary injunction was dissolved and Eiter was permitted to work for Purofirst. This court found the noncompete provision was not enforceable and revised the restrictive covenant from a noncompetition clause to a nonsolicitation clause, barring Dave Eiter from soliciting former customers for a period of nine months.

Plaintiffs filed a motion for post-trial relief, which was denied on July 2, 1999. Plaintiffs then filed an appeal with the Superior Court asserting the trial court erred in revising the restrictive covenant from a noncompetition clause to a nonsolicitation clause; in restricting the nonsolicitation clause to nine months; and in dismissing defendant Purofirst from the lawsuit.

The Superior Court affirmed the trial court's decision to revise the noncompete clause to a nonsolicitation clause and in dismissing Purofirst from the lawsuit. However, the period of nonsolicitation was reinstated to the two years rather than nine months.

After the case was remanded to this court, the plaintiffs asserted a claim for attorney fees against Dave Eiter based on the attorney fee provision contained in the noncompete clause of the employment agreement. On December 13, 2000, this court held an evidentiary hearing and then issued a non-jury verdict awarding plaintiffs $30,384.13 in attorney's fees and costs.

The defendant has filed a post-trial motion requesting that the verdict be set aside or that the court's decision be reconsidered. The thrust of defendant's argument is that the defendant, Dave Eiter, did not breach the agreement between the parties as he offered the plaintiffs exactly what the court ordered and that the bringing of the action was unreasonable as the result offered was what was ordered by the court.

On the specific subject of attorney fees provisions, Pennsylvania appellate courts have made it clear that where the parties have entered into an agreement which contains an attorney fees clause, a court should give affect to that provision if the party bringing the action is successful in demonstrating a breach of the agreement and obtaining relief.

See *Creeks v. Creeks,* 422 Pa. Super. 432, 619 A.2d 754 (1993).

As suggested by the Superior Court in *Creeks,* the inquiry into the award of attorney fees in circumstances where there is an attorney fee provision in a contract between the parties, the court need look no further than

(1) the language of the attorney fees clause and (2) whether the party seeking fees has prevailed in the underlying lawsuit.

The provision concerning attorney fees in the agreement between the parties contains a clear provision which states:

"Employee acknowledges that any breach of any obligation contained in this agreement is not adequately compensable by money damages, and employee agrees that any such breach shall cause the company irreparable injury for which the company shall be entitled to a preliminary injunction and temporary restraining order. *In any action concerning an alleged breach by employee of any obligation in this agreement, irrespective of the requested remedy the company shall be entitled to reasonable counsel fees and costs of suit from the employee.*" (emphasis supplied)

After hearing testimony and taking in evidence at the final injunction hearing on December 11 and 14, 1998, this court on February 4, 1999, issued an order and decree nisi which modified the breadth of the noncompetition clause to a "nonsolicitation" clause, *i.e.,* a clause that, rather than barring Eiter from employment with a competitor of Disaster Specialists within the radius identified in the agreement, prevented Eiter from contacting or soliciting business from clients or referral sources of Disaster Specialists. The court further modified the length of time that the noncompetition provision would be in place, from two years to nine months.

On appeal, the Superior Court affirmed this court's decision but found that the evidence presented did not support the modification of the duration of the noncompetition period to nine months. The Superior Court found

that the two-year duration of the noncompetition agreement was reasonable, and that this court should have enforced the two-year provision as written.

Eiter argues that Disaster Specialists did not prevail because this court and the Superior Court enforced the agreement only as a nonsolicitation clause, as opposed to a blanket noncompetition clause and as such, there is no breach of the agreement as is required by the attorney fee provision.

In opting to order more narrow relief than that requested by Disaster Specialists, this court was simply tailoring the remedy it was willing to provide. By no means did this court's order constitute a finding that the underlying claim was in any way infirm. As crafted in the complaint, Disaster Specialists' claim was for breach of contract, specifically the breach of the noncompetition clause. Clearly, because the court issued relief in some form, Disaster Specialists was successful in proving the elements of a breach of contract. Although the equitable remedy fashioned by this court did not reflect precisely what Disaster Specialists was seeking in the complaint, relief nevertheless was imposed. The nonsolicitation order was based upon Disaster Specialists' establishment of a valid contract and the breach of that contract by Eiter. Tellingly, Disaster Specialists' position as the prevailing party in this matter is bolstered by the fact that, on appeal, the Superior Court upheld the time period for the noncompetition provision set forth in the agreement.

The Pennsylvania case law as discussed mandates that the award of attorney fees should be enforced as written if they are clear and unambiguous in an agreement. Here, Disaster Specialists presented a clear and unambiguous clause permitting the award of attorney fees, and was

the prevailing party. Accordingly, this court committed no error in granting Disaster Specialists' motion for recovery of attorney fees and awarding Disaster Specialists fees in the amount of $30,384.13.

The defendant argues that the award of attorney fees is unreasonable in that plaintiffs, attorneys blocked billed and plaintiffs' counsel could not separate or determine how much time was spent on legal tasks attributable specifically between the two defendants. Defense counsel argues that without sufficient preservation of the actual time spent on particular tasks, there could be no meaningful examination of the total time spent by plaintiffs' counsel. As such, defendant argues, the evidence is insufficient to support the verdict and an entry of judgment n.o.v. should be entered in favor of the defendant.

In the opinion of this court, the reasonableness of the time spent and the reasonableness of the fees claimed were not in question. There was ample testimony to support the time and fees given by Attorney Wieczorek, who was plaintiff's trial counsel and oversaw the work of all lawyers and paraprofessionals.

Wieczorek testified that, in a preliminary injunction case such as the action against Eiter, time periods are compressed. Discovery takes place in a very short time period, as does trial preparation. More personnel—lawyers, paraprofessionals—are therefore needed to accomplish this variety of tasks during this relatively short period of time than might otherwise be used in the typical damages litigation. This will drive the cost of the litigation up.

The fees being claimed by Disaster Specialists were generated by the types of tasks involved in any preliminary injunction: investigating the factual background,

drafting and filing the pleadings, discovery, trial preparation, trial, the preparation of briefs and legal memoranda, the filing of proposed findings of fact and conclusions of law, and the drafting and filing of a post-trial motion and briefs, as well as argument on those briefs. Disaster Specialists also filed a successful appeal to the Superior Court.

Wieczorek testified that lawyers and paraprofessionals at Tucker Arensberg P.C. keep their time in tenths of an hour increments; that time sheets are turned in daily to secretaries for processing; and that they review it again before it is finally computed. Wieczorek, as responsible attorney on the file, would review all time, and would, where warranted, reduce the time charged to the client if he believed that a lawyer or paraprofessional took an unreasonable amount of time to perform a certain task. In Wieczorek's estimation and experience, the time charged and billed was reasonable and necessary.

What troubled this court was the inability to separate the fees generated by the claims against Eiter and those against Purofirst. To reach an equitable result this court reduced the amount of fees claimed by one half to give the benefit of doubt to Eiter. Accordingly, no merit is found in defendant's argument on this issue and defendant's post-trial motion will be denied.

## ORDER

And now, to wit, May 3, 2001, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the motion of the defendant, David T. Eiter, for post-trial relief is hereby denied and this court's verdict and award of December 13, 2000 in the amount of $30,384.13 is hereby affirmed.