**Johnston v. Johnston**

C.P. of Lawrence County, no. 11796 of 2007, C.A.

*William M. Panella,* for plaintiff.
*Bradley G. Olson Jr.,* for defendant.

Hodge, *J.,* August 23, 2010—The parties in this case were married in February of 1980. Subsequently, a complaint in divorce was filed by the plaintiff, Michael Johnston, on November 26, 2007 claiming that the marriage was irretrievably broken. The court then issued a divorce decree on May 6, 2009 after being presented with both parties' consent as well as a marital dissolution and property agreement (agreement) executed by both parties. It is the agreement which brought this matter

before the court for a contempt hearing on July 30, 2010. Plaintiff alleges that defendant failed to convey all of the marital residence to the plaintiff as required by the agreement.

The marital residence in question is comprised of five lots. Three of these lots were purchased when the parties first bought the marital residence; these were conveyed to plaintiff via a quit claim deed executed by the defendant and recorded on April 30, 2009. The quit claim deed, however, inadvertently excluded the remaining two lots, which were purchased by the parties subsequent to the original three and located directly next thereto. Defendant refuses to convey the remaining two lots to plaintiff because she believes they are not included in the marital residence described by the agreement.

It is well-established that marital settlement agreements are governed by contract law, and when interpretation of such an agreement is necessary, a court must look to the intention of the contracting parties. *Kripp v. Kripp,* 578 Pa. 82, 90, 849 A.2d 1159, 1163 (2004). When construing agreements involving clear and unambiguous terms, the court need only look to the document itself to deduce the intention of the parties. *Vaccarello v. Vaccarello,* 563 Pa. 93, 101, 757 A.2d 909, 913-14 (2000). Additionally, the court is bound to consider such contracts, without reference to outside matters, and it must ascertain the parties' intentions when entering into the contract from the entire instrument. *Purdy v. Purdy,* 715 A.2d 473, 475 (Pa. Super. 1998).

Absent fraud, misrepresentation, or duress, spouses should be bound by the terms of their agreement. *McMahon v. McMahon,* 417 Pa. Super. 592, 599, 612 A.2d 1360, 1363 (1992). Moreover, it is a well-established

principle of Pennsylvania law that property settlement agreements are presumed to be valid and binding upon the parties. *McGannon v. McGannon,* 241 Pa. Super. 45, 359 A.2d 431 (1976). Upon examining the agreement, the court notes that each party committed to adhere to the terms thereof, and relinquish all other interest in each other's property. Accordingly, there cannot be a finding of fraud, misrepresentation or duress, and a valid contractual agreement exists between the parties.

In determining the intention of the parties, the court need only look to the agreement itself, as the court finds that it is plainly worded in clear and unequivocal terms. *Vaccarello,* at 101, 757 A.2d at 913-14. A review of the entire agreement allows this court to conclude that the contract was intended to be a complete and final division of all assets, interests, and involvement each party had in the other's life. The court finds that in entering said agreement, it was the intention of the parties to divide all property and resolve any remaining issues in an effort to complete their divorce and move on in their lives.

A specific provision in the agreement provides for as follows:

"Wife to convey all [her] right, title and interest in the marital premises at 705 East Meyer Ave., New Castle, PA to husband. Husband to assume all liens, judgments, mortgages, encumbrances, insurance, taxes and upkeep of said property and to hold [Wife] harmless [from] any payments and/or expenses."

Plaintiff (wife) contends that the two remaining lots were not included in this provision and are not part of the marital residence. However, the agreement itself allows this court to find otherwise. Any reference made in

the agreement to the marital premise would naturally include the entire property owned by the parties and utilized throughout the course of marriage. All five of the lots were located directly next to one another, and they, in their entirety, comprise the marital residence at 705 East Meyer Ave., New Castle, Pennsylvania as it currently exists. To construe this agreement otherwise, would essentially be a modification to the contract and beyond the discretion of this court. See *e.g., Vaccarello,* at 101, 757 A.2d at 913-14; *Creeks v. Creeks,* 422 Pa. Super. 432, 435, 619 A.2d 754, 756 (1993) (a court cannot modify the plain meaning of the words under the guise of interpretation).

Plaintiff additionally contends that this court is prevented from ordering her to transfer the remaining two lots to the defendant, because the agreement violates the statute of frauds by failing to provide an adequate description of the land to be transferred. Plaintiff supports her position by referencing the case of *American Leasing v. Morrison Company,* 308 Pa. Super. 318, 454 A.2d 555 (1982). In *Morrison,* the Superior Court found that in order to properly convey an interest in land, three elements must be present: (1) an adequate description of the land; (2 ) consideration; and (3) the execution of both parties' signatures.

For the reason's set forth above, this court maintains that the description of the land in the agreement is adequate and clear. The marital residence includes all five lots owned by the parties. Accordingly, the court find's defendant in contempt, and directs her to convey the remaining two lots to the plaintiff as set forth in the attached order.

## ORDER

And now, August 23, 2010 the above-captioned case having been before the court for a hearing on plaintiff's petition for contempt on July 30, 2010 with the plaintiff, Michael Johnston, appearing with his attorney William M. Panella, Esquire, and with the defendant, Linda Johnston, appearing with her attorney, Bradley G. Olson Jr., Esquire, it is ordered and decreed as follows:

(1) The contempt petition of the plaintiff, Michael Johnston, brought against the defendant, Linda Johnston, for failing to convey portions of the marital residence. specifically listed as Lots 541-542 to the plaintiff is granted.

(2) Defendant shall purge herself of contempt by conveying said lots to the plaintiff within 30 days from the date of this order by quit claim deed prepared by the plaintiff's attorney, William M. Panella.

(3) The prothonotary shall properly serve notice of this order and opinion by regular mail or personal service upon counsel of record for the parties.