J-S04027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARY ANN FERRIS, NOW MARY ANN PETRI, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RALPH A. FERRIS, | |
| Appellee | No. 514 WDA 2015 |

Appeal from the Order Entered March 2, 2015
In the Court of Common Pleas of Erie County
Civil Division at No(s): 12741-2004

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 1, 2016**

Appellant, Mary Ann Ferris (now Mary Ann Petri), appeals from an order entered on March 2, 2015 that denied her motion to declare and impose a constructive trust on undisclosed assets of Ralph A. Ferris (Husband).  We vacate and remand.

The trial court summarized the facts of this case as follows:

The parties were married on June 18, 1994 and divorced on December 30, 2004.  The [d]ivorce [d]ecree incorporated a [m]arriage [s]ettlement [a]greement dated December 17, 2004 which provided for, among other things, distribution of marital property in the form of retirement accounts.  Marriage Settlement Agreement, Article VII, paragraph D, Retirement Funds.

Before the parties married, and for a period of time during the marriage, Husband worked at Van Air Systems, Inc.  Motion Hearing Transcript, 3/2/15, at 15.  He was eligible for a pension by virtue of that employment.  Sometime in 2012, well after the [parties'] divorce was final, Husband collected a lump sum

*Retired Senior Judge assigned to the Superior Court.

distribution of the pension in the amount of $16,000.00. Motion Hearing Transcript, 3/2/15, at 12.

It is undisputed the existence of the pension was not listed in the [m]arital [p]roperty [s]ettlement [a]greement, nor did Husband file an inventory or any other document with the [Erie C]ounty [p]rothonotary listing the pension as an asset subject to equitable distribution.

There was also evidence [Appellant] had a pension or a 401k retirement plan while she worked during the marriage as a nurse at St. Vincent's Hospital. Motion Hearing Transcript, 3/2/15, at 9. This asset was not specifically identified in the [m]arital [s]ettlement [a]greement. It is therefore unclear whether references made to [Appellant's] brokerage or mutual fund accounts in the agreement refer in fact to the 401k plan from the hospital.

In support of her request for imposition of a constructive trust, [Appellant] testified at the motion hearing she was not aware of Husband's Van Air Systems pension until she learned of it from her sister-in-law, Darlene Nelson, in a [telephone] conversation sometime in November, 2012. Nelson did not testify at the hearing so there is nothing in the record to show how she knew [of Husband's pension], what motivated Nelson to do so, or if the conversation even took place.

[Appellant] further testified she hired an attorney once she [] learned of the existence of the asset. Her attorney filed a motion on January 30, 2013 requesting relief similar to the relief requested in the motion at issue in this case. Husband filed a response to the 2013 motion.

Shortly after receiving the response, the attorney for [Appellant], with [Appellant's] consent, withdrew her motion before a hearing could be could be held on the merits. Of note is that around the same time, the parties were engaged in a custody dispute over their three minor children. *See* [Trial Court] Docket Entries dated 11/21/12 [through] 8/27/13.

Husband's testimony contradicted [Appellant's] position. He said the parties' finances were not kept separate and apart during the marriage. He also said during the marriage he received yearly statements concerning the pension. He did not hide the

existence of the pension or hide the statements from [Appellant]. He recalled the statements, when received in the mail, were available to [Appellant] and he had no reason to hide their existence "from her during the marriage." Motion Hearing Transcript, 3/2/15, at [15-16 and 18].

In response to the court's inquiries concerning his knowledge of [Appellant's] pension or 401k[, Husband] did not know the specifics of it and did not pay attention to the type of investment it was. He did know, however, there were several times during the marriage she cashed in part of it to buy "a piano and things like that." Motion Hearing Transcript, 3/2/15, at 18-19.

Finally, Husband testified about the existence of an oral agreement made between he and [Appellant] that was not included in the [m]arital [s]ettlement [a]greement:

> [Husband]: She had something from one of her employers, I had the Van Air, neither one did we have a specific value on, so we just agreed we'd each keep our own and then move on.
>
> * * *
>
> [Counsel]: And it's your testimony that there was an agreement reached. … That she would walk with whatever retirement funds she had and you would walk with yours?
>
> [Husband]: Right. That's correct.

Motion Hearing Transcript, 3/2/15, at 14, 16.

Trial Court Opinion, 5/19/15, at 2-4.

At the conclusion of the hearing, the trial court entered an order denying Appellant's request for imposition of a constructive trust over Husband's pension assets. Appellant filed a timely notice of appeal on March 25, 2015 and, pursuant to court order, a concise statement of errors

complained of on appeal followed on April 16, 2015. *See* Pa.R.A.P. 1925(b).

The trial court issued its Rule 1925(a) opinion on May 19, 2015.

> Appellant raises two questions for our review:
>
> Whether the trial court erred in failing to follow the mandates of 23 Pa.C.S.A. § 3505(d) when [Husband] admitted he failed to disclose information required by general rule of the Supreme Court, resulting in an asset with a fair market [value] of more than $1,000.00 being omitted from the final distribution of property[?]
>
> Whether the trial court erred in failing to follow the mandatory language of 23 Pa.C.S.A. § 3505(d) which directs a trial court to "grant the petition [to impose a constructive trust] upon finding a failure to disclose the assets as required by general rule of the Supreme Court[?]" [Husband] admitted he did not list the pension in pleadings, contrary to the Pennsylvania Rules of Civil Procedure.

Appellant's Brief at 4.

Appellant's issues are closely related; hence, we shall address them in a single discussion. Appellant's position is that the trial court erred or abused its discretion in denying Appellant's request to impose a constructive trust on Husband's pension assets that he omitted from the parties' marital settlement agreement. She argues that the provisions of 23 Pa.C.S.A. § 3505(d) are mandatory and that Husband's failure to disclose the existence of his pension met all of the statutory criteria for the imposition of a constructive trust. She also argues that the trial court erred in denying her motion to the extent it weighed certain factors against the imposition of a constructive trust. Those factors include the passage of time between the entry of the parties' divorce decree and Appellant's request for a

constructive trust, the trustworthiness of the source of Appellant's information concerning Husband's pension, and the alleged existence of pension assets owned by Appellant.

Appellant's claims rest on her contention that Husband failed to disclose his pension in the marital settlement agreement executed by the parties on December 17, 2004, which the court incorporated into the parties' divorce decree issued on December 30, 2004. *See* Divorce Decree, 12/30/04. The recital provision of the marital settlement agreement states, among other things, that "the parties acknowledge that they have reached a satisfactory agreement between themselves and have entered into this Agreement freely, with full disclosure of their respective assets[.]" Marital Settlement Agreement, 12/30/04, at 2. Article V of the agreement, titled "Full Disclosure," reads as follows:

> Each party represents and warrants that **he or she has made full and complete disclosure <u>in the text of this Agreement</u>** of all the real and personal property of whatsoever kind and nature and wheresoever situate belonging in any way to each of them, of all debts and encumbrances incurred in any manner whatsoever by each of them, of all sources and amounts of income received or receivable by each of them, including pension benefits, and of such other facts relating to the subject matter of this Agreement.

Marital Settlement Agreement, 12/30/04, at 5 (emphasis in original).

The trial court specifically found that Husband failed to disclose his pension in the marital settlement agreement. Trial Court Opinion, 5/19/15, at 3. The trial court, however, concluded that that it was not required to

impose a constructive trust because Appellant knew of Husband's pension when the parties entered into their agreement and because the parties agreed to retain their respective retirement assets upon dissolution of their marriage. Trial Court Opinion, 5/19/15, at 1. As additional support for declining to impose a constructive trust, the trial court also referred to the passage of time between the entry of the parties' divorce decree and Appellant's request for a constructive trust, the unreliability of the source of Appellant's information concerning Husband's pension, and the alleged existence of undisclosed pension assets owned by Appellant.

In a prior case in which we considered both the duty of a party to make disclosure under an equitable distribution agreement, as well as the consequences of nondisclosure, we stated as follows:

> When construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties understanding. *McMahon v. McMahon*, 612 A.2d 1360 (1992) (*en banc*). The court must construe the contract only as written and may not modify the plain meaning of the words under the guise of interpretation. *Trumpp v. Trumpp*, 505 A.2d 601 (Pa. Super. 1985). When the terms of a written contract are clear, this Court will not re-write it or give it a construction in conflict with the accepted and plain meaning of the language used. *Litwack v. Litwack*, 433 A.2d 514 (Pa. Super. 1981). Conversely, when the language is ambiguous and the intention of the parties cannot be reasonably ascertained from the language of the writing alone, the parol evidence rule does not apply to the admission of oral testimony to show both the intent of the parties and the circumstances attending the execution of the contract. *DeWitt v. Kaiser*, 484 A.2d 121 (Pa. Super. 1984).

*Creeks v. Creeks*, 619 A.2d 754, 756 (Pa. Super. 1993).

The language of the marital settlement agreement, which the court incorporated into the parties' divorce decree, required each party to make complete and accurate disclosure of all assets, including retirement benefits. The trial court found that Husband breached the clear terms of this duty. Because Husband's disclosure duties are expressly established by the parties' marital settlement agreement, the trial court's decision to resort to parol agreements and circumstances was improper. Husband's obligation to disclose his assets was not conditioned upon Appellant's knowledge of those assets or the parties' intended distribution scheme. In addition, the court should not have looked to the passage of time between entry of the parties' divorce decree and Appellant's request for a constructive trust, the reliability of the source of Appellant's information concerning Husband's pension, and the alleged existence of undisclosed pension assets owned by Appellant. We therefore conclude that Husband's failure to disclose his pension assets violated the plain language of the parties' marital settlement agreement.

Since Husband failed to disclose all of his financial assets, we turn now to determine whether Appellant is entitled to raise a constructive trust over Husband's pension account. Appellant sought a constructive trust based on section 3505 of the Divorce Code, which provides in relevant part:

**§ 3505. Disposition of property to defeat obligations**

(d) Constructive trusts for undisclosed assets.—If a party fails to disclose information required by general rule of the Supreme Court and in consequence thereof an asset or assets with a fair market value of $1,000[.00] or more is omitted from the final

> distribution of property, the party aggrieved by the nondisclosure may at any time petition the court granting the award to declare the creation of a constructive trust as to all undisclosed assets for the benefit of the parties and their minor or dependent children, if any. The party in whose name the assets are held shall be declared the constructive trustee unless the court designates a different trustee, and the trust may include any terms and conditions the court may determine. The court shall grant the petition upon a finding of a failure to disclose the assets as required by general rule of the Supreme Court.

23 Pa.C.S. § 3505(d).

"This section mandates the imposition of a constructive trust when a party fails to disclose financial assets, and that failure results in the omission of an asset with a fair market value of [$1,000.00] or more from the equitable distribution scheme." **Creeks**, 619 A.2d at 757. We also held, in construing this provision, that the circumstances that support imposition of a constructive trust "do not include a requirement that the failure to disclose an asset be a deliberate or intentional effort to avoid subjecting funds to the equitable distribution process." **Id.** In fact, "[t]he intent of the party who fails to disclose the assets is of no moment." **Id.**

It is undisputed that Husband failed to disclose his pension account in the parties' marital settlement agreement. He argues, however, that there are three reasons we should affirm the trial court's refusal to impose a constructive trust. First, Husband asserts that the trial court did not abuse its discretion in finding that Appellant lacked credibility in denying her awareness of Husband's pension assets and in denying an agreement

between the parties to retain their respective retirement assets following dissolution of the marriage. Second, Husband asserts that section 3505 does not apply since neither party filed an inventory or appraisement under Pa.R.C.P. 1920.33. Lastly, Husband claims that while there is proof of the value of his pension at the time of distribution in 2012, there is no proof of its value at the time it was omitted from the parties' marital settlement agreement.

As we stated above, Husband's duty to disclose his pension was clear and was not conditioned upon Appellant's lack of knowledge of his property or the parties' intended distribution scheme. These parol circumstances are irrelevant to the issues at hand. Hence, this factor is not grounds for affirming the trial court's ruling.

We also conclude that the lack of an inventory and appraisement under Pa.R.C.P. 1920.33 does not preclude application of section 3505 in this case. Here, the parties' divorce decree incorporated their marital settlement agreement, which made no mention of Husband's pension account despite a clear disclosure requirement. In a prior case, we said that "the parties' failure to submit an [i]nventory and [a]ppraisement **or** include a disclosure clause in the [marital settlement a]greement undermines the appellee's reliance upon 23 Pa.C.S.A. § 3505." *Hassick v. Hassick*, 695 A.2d 851 (Pa. Super. 1997) (emphasis added). *Hassick* suggests that a financial omission in either an inventory and appraisement or a marital

settlement agreement triggers the remedy found in 23 Pa.C.S.A. § 3505. Hence, Husband's second argument in support of the trial court's order fails.

Finally, Husband argues that Appellant failed to establish the value of his pension at the time the parties executed their marital settlement agreement to confirm that it met the $1,000.00 threshold required under section 3505(d). We agree that the record does not clearly establish the value of Husband's pension at the time it was omitted from the parties' marital settlement agreement. Accordingly, we vacate the trial court's order and remand for further proceedings to ascertain the value of Husband's Van Air Systems pension as of the date it was excluded from the parties' marital settlement agreement.[1]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Bowes joins this Memorandum.

Judge Strassburger files a Concurring Statement.

_____

[1] We allow Appellant this opportunity to develop the record as it pertains to the value of Husband's pension in December 2004 since section 3505 affords a remedy for the omission of assets "at any time."

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/1/2016