J-A03011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ELYSSE R. TEICHMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADAM J. TEICHMAN | |
| Appellant | No. 1408 EDA 2021 |

Appeal from the Decree Entered June 29, 2021
In the Court of Common Pleas of Lehigh County
Civil Division at No: 2016-FC-1647

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.:                **FILED MAY 13, 2022**

Appellant, Adam J. Teichman, appeals from the June 29, 2021 decree in divorce.  We affirm.

Presently at issue is the trial court's imposition of a constructive trust on several whole life insurance policies the parties obtained with the intent of using the proceeds to help fund their children's higher education.  The trial court summarized the proceedings as follows:

> The parties engaged in extensive litigation.  The Master was appointed on May 29, 2018.  They had already completed three days of hearings before the Master when they appeared before him on January 10, 2020, for their fourth day of hearings. [Appellee, Elysse R. Teichman] was represented by Attorney Abele A. Iacobelli and [Appellant] was represented by Attorneys Anne K. Manley and Allen I. Tullar.  The parties were sworn to tell the truth and the Master announced:
>
> > …counsel have indicated that the parties have
> > reached a resolution as to all of the claims raised in

the divorce action except for one discrete area which is going to be tax-related.

So what we're going to do now is I'm going to turn it over to counsel. Everybody's in the courtroom right now. They're going to recite the terms of what we think the agreement is between the parties regarding the divorce and economic claims, everything but for the tax issue, and we're going to set forth the tax issue so we can lay out the parameters of what we are setting aside so we know what is resolved and what is not resolved.

And then Attorney Iacobelli is going to follow this up, this recitation, with the drafting of a written property settlement agreement which he's going to have reviewed by his client and then ostensibly sent to husband's counsel for him to review. And then the parties are going to try to get on the same page about that language and sign the agreement, which would then be filed of record and incorporated into a divorce decree.

N.T. 1/10/20, 3:8-4:5

The parties' assets, marital and non-marital, included multiple real properties, bank accounts, insurance policies, business interests, bank accounts [sic] securities, automobiles, other personal property and life insurance policies. Among the terms of their agreement were that [Appellee] would receive $50,000.00 from an escrow account held by [Appellant's] attorneys that contained approximately $80,000.00 from the sale of [Appellant's] interest in a particular business, a $75,000.00 payment on or before December 31, 2020, and a signed stipulation that the parties agreed to escrow $35,000 for the payment of their daughter's impending Bat Mitzvah.

[Appellant] acknowledges he had not fulfilled any of these requirements. His offer of proof as to why he has not fulfilled those requirements is that he assumed four life insurance policies, two for each of their minor children with a total cash surrender of approximately $116,000.00 as of the date of separation, would be available to him to help fund those requirements, and that he would not have agreed to those requirements if those policies were not available to him to help fund those requirements, and

- 2 -

[Appellant] contends that unless those insurance policies were available to him, he did not intend to enter into the agreement and, thus, there was no "meeting of the minds" to form a binding contract. [Appellee] contends those insurance policies were intended to be set aside for their children, and the agreement is binding without them. Those four policies are with the Ohio National Life Insurance Co. and end in 3166, 3177, 5740, and 5741.

[…]

No reference at all was made of the four Ohio National Life Insurance policies [Appellant] contends he was relying on when entering into an agreement, and there was plenty of opportunity for him or his attorneys to raise the issue. None of them did. The Master was clear, patient, thorough and repetitive in inviting [Appellant] or his attorneys to raise any issue, and to make sure they understood that what was being said under oath and on the record was final and binding upon them.

Nor can it be said [Appellant] was unaware of the existence of those policies. [Appellee] filed an Amended Inventory on December 2, 2019, in which she listed those Policies as non-marital assets. Her inventory states the Ohio National Life Insurance policies ending in 3166 and 5740 were "custodial account for J.T." [one of the parties' children] and the policies ending in 3167 and 5741 were "custodial account for A.T." [the parties' other child]. [Appellant] and his attorneys were reminded, or made aware, of those policies within six weeks before the January 10, 2020 proceeding.

Trial Court Opinion, 3/8/21, at 1-2, 7.

After an extensive review of the record and the master's findings, the trial court concluded that the four insurance Policies identified immediately above (the "Policies") had no bearing on the parties' 2018 Settlement agreement (the "2018 Settlement"), and the court therefore confirmed it. *Id.* at 8.

Thereafter, on June 11, 2021, the trial court entered an order denying exceptions to the master's recommended order and imposing a constructive trust on the Policies. The trial court made the following observations in a footnote to the June 11, 2021 order:

> The parties purchased the [Policies] and agreed their original intent in purchasing the [Policies] was to fund their children's college education. At the time of the filing of the divorce, they were titled in [Appellee's] name. The premiums were paid from the parties' joint account during the course of the marriage and for a time after their separation. [Appellant's] counsel wrote to [Appellee] on January 5, 2018, that [Appellant] would not continue to pay the premiums on the [Policies] unless ownership of them was transferred to him. According to [Appellant], the understanding was that his offer was conditioned on the recognition that the cash value of the [Policies] was marital property subject to equitable distribution; according to [Appellee], the understanding was she was not giving up her right to one-half of the equity in the [Policies] in a divorce settlement, in essence acknowledging the [Policies] were marital assets. [Appellee] proceeded to transfer the [Policies] to [Appellant], and, as a result, [Appellant] received a reduction of his child support obligation.
>
> Although both parties seemed to believe the [Policies] were marital property subject to equitable division, [Appellant] did not include the [Policies] on his inventory, which was filed on April 19, 2018, or his pre-trial statement, which was filed on August 19, 2019, and although [Appellee] included the [Policies] on her inventory, which was filed on April 30, 2018, she listed them as non-marital assets because she viewed them as for the benefit of the children for their college education.

Order, 6/11/2021, at 1-2, n.1.

In essence, the trial court found that Appellee retained her claim for equitable division of the Policies in this divorce action regardless of the parties' omission of the Policies from the 2018 Settlement. And because Appellant

omitted the Policies from his inventory, the trial court imposed a constructive trust on them in accord with 23 Pa.C.S.A. § 3505(d):

> **(d) Constructive trust for undisclosed assets.--**If a party fails to disclose information required by general rule of the Supreme Court and in consequence thereof an asset or assets with a fair market value of $1,000 or more is omitted from the final distribution of property, the party aggrieved by the nondisclosure may at any time petition the court granting the award to declare the creation of a constructive trust as to all undisclosed assets for the benefit of the parties and their minor or dependent children, if any. The party in whose name the assets are held shall be declared the constructive trustee unless the court designates a different trustee, and the trust may include any terms and conditions the court may determine. The court shall grant the petition upon a finding of a failure to disclose the assets as required by general rule of the Supreme Court.

23 Pa.C.S.A. § 3505(d). The trial court ordered the Policies to be held in trust for the benefit of the parties' children, with Appellee as trustee. That order was rendered final with the entry of the June 29, 2021, divorce decree, and this timely appeal followed.

On appeal Appellant argues in substance that a constructive trust under § 3505(d) was inappropriate because both parties were aware of the Policies and therefore Appellant's non-disclosure of them in his inventory was irrelevant.

> We review a trial court's decision to grant [or deny] special relief in divorce actions under an abuse of discretion standard ....
>
> However, our deference [to the trial court] is not uncritical. An order may represent an abuse of discretion if it misapplies the law. It is therefore our responsibility to be sure that in entering its order the court correctly applied the law. An order may also represent an abuse of discretion if it reaches a manifestly

- 5 -

unreasonable result. This will be the case if the order is not supported by competent evidence. It is therefore also our responsibility to examine the evidence received by the court to be sure that the court's findings are supported by the evidence. Although we will accept and indeed regard ourselves as bound by the court's appraisal of a witness' credibility, we are not obliged to accept a finding that is not supported by the evidence.

When reviewing questions of law, our scope of review is plenary.

*Conway v. Conway*, 209 A.3d 367, 371 (Pa. Super. 2019).

Appellant relies on *Bennett v. Bennett*, 168 A.3d 238, 245 (Pa. Super. 2017), *appeal denied*, 181 A.3d 1081 (Pa. 2018), in which the trial court imposed a constructive trust on husband's pension benefit after wife alleged husband failed to disclose it to her. On appeal, the husband relied on the parties' settlement agreement, which recited that each party had made full disclosure of all assets. *Id.* at 241. The *Bennett* Court reversed the trial court based on the contractual recital of full disclosure, which was binding on the wife absent as showing of fraud, duress, or misrepresentation. *Id.*

Appellant argues *Bennett* supports him because Appellee's knowledge of and participation in the creation of the Policies serves the same function in this case as did the wife's contractual acknowledgement of disclosure in *Bennett*. As noted above, Appellee listed the Policies in her own inventory, albeit as non-marital property.

Appellant also argues the trial court and Appellee are incorrect to rely on *Creeks v. Creeks*, 619 A.2d 754 (Pa. Super. 1993), wherein the husband deposited funds into his paramour's bank account during the marriage and

- 6 -

then failed to disclose in his inventory. In the parties' settlement agreement, they warranted to each other that they had made a full disclosure of all financial assets. *Id.* at 755-56. The *Creeks* Court concluded that the husband breached his agreement, and that § 3505(d) provide the remedy. *Id.* at 756-57. The husband argued that a constructive trust was inappropriate because the wife failed to prove that he acted with the intent to avoid equitable distribution. The *Creeks* Court rejected that argument:

> The previously enacted version of this statute required a party to "deliberately or negligently" fail to disclose assets before a constructive trust would be imposed on the omitted assets. *See* Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 403(c). However, the 1990 version of this statute requires only the failure to disclose without placing any further burden on the party proving non-disclosure to characterize the nature of those actions.

*Id.* at 757.[1]

Appellant argues that the husband's clear misconduct and breach of the full disclosure warranty in *Creeks* renders that case distinguishable. And, as we noted above, he believes *Bennett* is on point in this case because, regardless of the absence of a contractual acknowledgement of full disclosure in this case, there is no doubt Appellee was aware of the Policies.

We find Appellant's argument unpersuasive because it fails to account for all of the pertinent facts. The record supports the trial court's finding that

---

[1] Similarly, the *Bennett* Court explained that a party seeking to impose a constructive trust under § 3505(d) does not need to demonstrate that the opposing party's non-disclosure was intentional. *Bennett*, 168 A.3d at 244.

- 7 -

the parties took out the Policies to fund their children's education.  N.T. 10/7/20, at 23-25, 32, 112.  Both parties testified to that effect.  **_Id._**  Appellee accepted a reduction in child support after Appellant took over payment of the premiums for the Policies.  N.T., 2/6/21, at 10, 20. This is how matters stood when the parties reached the 2018 Settlement without reference to the Policies, and without Appellant's inclusion of the Policies in his inventory. Subsequently, without any precedent or support in the parties' treatment of the Policies, Appellant unilaterally decided he was free to surrender them for cash value and use the proceeds to make promised payments to Appellee pursuant to the 2018 Settlement.

In other words, the record supports the trial court's finding that the parties agreed and always intended to use the proceeds of the Policies to fund their children's higher education.  Appellee's transfer of the Policies to Appellant, Appellant's continued payment of the premiums, and Appellee's acceptance of a corresponding decrease in child support, all support a finding that the Policies were subject to an agreement independent of the 2018 Settlement.  The parties' treatment of the Policies prior to the 2018 Settlement, with Appellee listing them as non-marital assets and Appellant not listing them at all, is consistent with this conclusion.  If, on the other hand, Appellant believed he was free to use the proceeds of the Policies to discharge his obligations under the 2018 Settlement (or for any other purpose of his own choosing), he could and should have disclosed them as a marital asset.

His failure to do so, regardless of his intent,[2] warranted the imposition of a constructive trust under § 3505(d), as construed in **Bennett** and **Creeks**.

Aside from his reliance on **Bennett** and his attempted distinction of **Creeks**, Appellant develops no legal argument in support of vacating the trial court's decree and reversing the order imposing the constructive trust on the Policies. Because we find Appellant's argument unavailing, we affirm.

Decree affirmed.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


Date: *5/13/2022*

---

[2] Appellant's argument that Appellee failed to plead and prove the elements of a fraud claim is unavailing because his intent is not relevant under the statute.