632 A.2d 1314

**Victa FLOYD**

v.

**PHILADELPHIA ELECTRIC COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued June 24, 1993.

Filed Oct. 5, 1993.

Reargument Denied Dec. 2, 1993.

Robert J. Stern, Philadelphia, for appellant.

Martin Stanshine, Philadelphia, for appellee.

Before CAVANAUGH, HUDOCK and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from the judgment entered in the Court of Common Pleas of Philadelphia County, dated January 13, 1993, after a jury entered a verdict in favor of appellee and awarded him damages in the amount of $48,000. We affirm.

The facts of this case are not in dispute. On May 20, 1988, appellee, Victa Floyd, was driving eastbound on Ruscomb Street in the City of Philadelphia. The appellant, Philadelphia Electric Company (PECO), had parked a portable transformer at the southwest corner of Ruscomb and Old York Road. Attached to the front of the transformer was a steel hitch, which at the time, was extending into the intersection of Ruscomb and Old York Road. When appellee turned right onto Old York Road he did not see the hitch on the transformer. Appellee collided with the hitch causing damage to his automobile. Appellee also sustained physical injuries.

Appellee filed the instant suit alleging that PECO was negligent in the placement of the transformer and for failing to warn of the dangerous condition caused by the extending hitch. A board of arbitrators found in favor of appellee and

PECO appealed to the Court of Common Pleas for a trial *de novo*. After a two-day trial, the jury found for appellee and assessed damages in the amount of $80,000. The jury also found that appellee was forty (40%) percent negligent. Thus, the trial judge molded the verdict to $48,000. Appellee petitioned the trial court to award delay damages. The trial judge granted the petition and further molded the verdict to account for delay damages. Appellant filed post-verdict motions which the trial court denied. This timely appeal followed.

 Appellant raises a variety of issues for our review:

1. Whether the trial court erred in denying the [appellant's] motion in limine and permitting testimony of subsequent remedial action;

2. whether the trial court erred in excluding [appellant's] rebuttal witness;

3. whether the trial court erred in excluding [appellant's] report of investigation;

4. whether the trial court erred in refusing to grant a mistrial based on [appellee's] prejudicial remarks during the closing argument;

5. whether the trial court erred in its charge to the jury on burden of proof, negligence, and duty owed when vision is obstructed;

6. whether the trial court erred in its refusal to use the [appellant's] verdict sheet;

7. whether the trial court erred in ruling that the verdict was not excessive;

 whether the trial court erred in denying the motion for judgment notwithstanding the verdict;

We are constrained, however, to affirm the rulings of the trial court as to all the issues which appellant has raised with the exception of issue 6. The certified record in this matter does not include a copy of the trial transcript in this case. It is well settled that the Superior Court may only consider documents properly incorporated within the certified record. *Gemini Equipment v. Pennsy Supply*, 407 Pa.Super. 404, 412 n. 5, 595

A.2d 1211, 1215 n. 5 (1991). The defect in the case *sub judice* is not cured by the fact that appellant has provided a copy of the trial transcript in the reproduced record. Paper may not be made part of the certified record simply by reproducing it. *Id.*

The certified record consists of the original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court. *See* Pa.R.A.P., Rule 1921, 42 Pa.C.S.A. (composition of record on appeal); *Frank v. Frank,* 402 Pa.Super. 458, 463 n. 5, 587 A.2d 340, 342–43 n. 5 (1991). "It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Fiore v. Oakwood Plaza Shopping Center, Inc.,* 401 Pa.Super. 446, 460–61, 585 A.2d 1012, 1019 (1991). "For purposes of appellate review, what is not of record does not exist." *Frank v. Frank, supra.*

It is clear from the docket entries and filings that appellant never requested that the transcripts of testimony be made part of the certified record. Nonetheless, this Court has made extensive inquiry with the Prothonotary of the Court of Common Pleas of Philadelphia County, as well as with the trial judge, the Honorable Ethan Allen Doty, in search of the missing transcript. Unfortunately, our efforts to secure the missing material proved unavailing. Because the certified record is incomplete as to issues 1, 2, 3, 4, 5, 7, 8, and 9, we have no basis for overturning the rulings of the trial court.

We may, however, consider appellant's sixth issue as the certified record is complete as to that issue. Appellant contends that the trial judge erred in giving the jury an improper verdict sheet for their consideration. He claims that the verdict sheet given to the jury allowed them to list appellee's damages before deciding the percentage of his comparative negligence, if any. We know of no rule of law which prohibits the jury from listing the plaintiff's damages before deciding the degree of his fault; nor has appellant

directed us to any precedent for that particular point. We have reviewed the verdict sheet which has been made part of the certified record and find that the jury valued appellee's damages at $80,000 which was modified to account for the finding that he was 40% negligent. Thus, the jury awarded him $48,000.00. We perceive no error here. Having found no basis upon which to reverse the rulings of the trial court, we affirm the judgment.

Judgment affirmed. Jurisdiction is relinquished.