HESTER, Judge.
 

 Acme Markets, Inc., appeals from the order entered in the Court of Common Pleas of Montgomery County on December 21,1993, which granted Federal Armored Express, Inc. (“Federal”) summary judgment. For the reasons set forth below, we reverse that order and remand the matter for further proceedings.
 

 The procedural history of this case may be summarized as follows. On November 20, 1990, appellant filed a breach of contract complaint against Federal. In that complaint, appellant alleged that the parties had entered into a contract for armored car service and that the agreement later was amended to provide for the timely reimbursement of service-related losses. In addition, appellant averred that a Federal employee was robbed on May 19, 1990, after accepting possession of one of appellant’s cashbags. Finally, appellant asserted that even though it had notified Federal promptly of the $62,544.32 loss, Federal had not made the reimbursement required by the agreement. Consequently, appellant requested, among
 
 *44
 
 other things, an award of damages equivalent to the amount of the loss.
 

 On September 26,1991, following the effectuation of service, appellant filed an answer and new matter. In connection with one of the defenses asserted in that document, Federal relied upon the fifth paragraph of the agreement which provides, “Responsibility of Federal under this contract shall begin when said [cash]bags or packages have been accepted and receipted for by Federal or its authorized employees, and shall terminate upon delivery to consignee or upon return to shipper.”
 
 See
 
 Complaint at exhibit A. Specifically, Federal claimed that it bore no responsibility for the loss since neither it nor any of its employees had accepted the bag or provided the necessary receipt prior to the robbery.
 

 On June 30,1993, claiming that discovery was complete and that an examination of the record revealed no genuine issue of material fact, appellant moved for summary judgment. Federal responded by filing a cross-motion for summary judgment in which it acknowledged that one of its employees possessed appellant’s cashbag
 
 [1]
 
 at the time of the robbery. In addition, Federal noted that neither party disputed the fact that the employee in question had not provided a receipt for the bag prior to its loss. Consequently, relying upon both the fifth paragraph of the agreement and an affidavit demonstrating that the receipt requirement conformed with the custom of the armored car industry, Federal requested the entrance of judgment in its favor.
 
 [2]
 
 On December 21, 1993, the trial court concluded that the fifth paragraph constituted a condition precedent to Federal’s liability under the agreement. Thus,
 
 *45
 
 the court denied appellant’s summary judgment motion and granted Federal relief. This timely appeal followed.
 

 Preliminarily, we note that our scope of review from a grant of summary judgment is plenary.
 
 See Schriver v. Mazziotti,
 
 432 Pa.Super. 276, 638 A.2d 224 (1994);
 
 Mellon v. Barre-National Drug Co.,
 
 431 Pa.Super. 175, 636 A.2d 187 (1993);
 
 American States Insurance Co. v. Maryland Casualty Co.,
 
 427 Pa.Super. 170, 628 A.2d 880 (1993).
 

 In reviewing an order granting a motion for summary judgment, we must view the record in the light most favorable to the non-moving party.
 
 Dorohovich v. West American Insurance Co.,
 
 403 Pa.Super. 412, 589 A.2d 252 (1991). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.
 
 Marks v. Tasman,
 
 527 Pa. 132, 589 A.2d 205 (1991). Moreover, in summary judgment proceedings, it is not the court’s function to determine the facts, but only to determine if an issue of material fact exists.
 
 Godlewski v. Pars Manufacturing Co.,
 
 408 Pa.Super. 425, 597 A.2d 106 (1991). Summary judgment should only be granted in those cases which are free and clear from doubt.
 
 Spain v. Vicente,
 
 315 Pa.Super. 135, 461 A.2d 833 (1983).
 

 Summary judgment is proper only where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the trial court’s conclusion that no genuine issue of material fact exists and [that] the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b);
 
 Penn Center House, Inc. v. Hoffman,
 
 520 Pa. 171, 553 A.2d 900 (1989).
 

 American States Insurance Co. v. Maryland Casualty Co., supra,
 
 427 Pa.Super. at 180-81, 628 A.2d at 885-86. Furthermore, we will not overturn a trial court’s grant of summary judgment in the absence of either an error of law or a clear abuse of discretion.
 
 See Mellon v. Barre-National Drug Co., supra.
 
 Keeping these principles in mind, we consider the propriety of the contested summary judgment grant.
 

 
 *46
 
 Appellant asserts that the trial court erroneously concluded that the fifth paragraph of the agreement constituted a condition precedent to Federal’s liability for the lost bag. Specifically, appellant argues that since the paragraph was not labelled a condition precedent and does not contain other language normally associated with such a condition,
 
 [3]
 
 “[t]here is no means by which to state with the certainty required by Pennsylvania law that it creates a condition precedent.” Appellant’s brief at 13. We find appellant’s claim devoid of merit.
 

 Initially, we note that a condition precedent may be defined as a condition which must occur before a duty to perform under a contract arises.
 
 See Village Beer and Beverage, Inc. v. Vernon D. Cox & Co.,
 
 327 Pa.Super. 99, 475 A.2d 117 (1984). While the parties to a contract need not utilize
 
 any
 
 particular words to create a condition precedent, an act or event designated in a contract will not be construed as constituting one unless that clearly appears to have been the parties’ intention.
 
 See Estate of Barilla,
 
 369 Pa.Super. 213, 535 A.2d 125 (1987);
 
 see also Joseph Paolino & Sons v. City of Philadelphia,
 
 429 Pa.Super. 191, 631 A.2d 1353 (1993). In addition, we note that the purpose of any condition set forth in a contract must be determined in accordance with the general rules of contractual interpretation.
 
 [4]
 

 See Estate of Barilla, supra; see also Joseph Paolino & Sons v. City of Philadelphia, supra.
 
 Those rules may be summarized as follows.
 

 When construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the partiesf] understanding.
 
 McMahon v. McMahon,
 
 417 Pa.Super. 592, 612 A.2d 1360 (1992)
 
 *47
 

 (en
 
 banc). The court must construe the contract only as written and may not modify the plain meaning of the words under the guise of interpretation.
 
 Trumpp v. Trumpp,
 
 351 Pa.Super. 205, 505 A.2d 601 (1985). When the terms of a written contract are clear, this Court will not re-write it to give it a construction in conflict with the accepted and plain meaning of the language used.
 
 Litwack v. Litwack,
 
 289 Pa.Super. 405, 433 A.2d 514 (1981). Conversely, when the language is ambiguous and the intention of the parties cannot be reasonably ascertained from the language of the writing alone, the parol evidence rule does not apply to the admission of oral testimony to show both the intent of the parties and the circumstances attending the execution of the contract.
 
 Dewitt v. Kaiser,
 
 335 Pa.Super. 258, 484 A.2d 121 (1984).
 

 Creeks v. Creeks,
 
 422 Pa.Super. 432, 435, 619 A.2d 754, 756 (1993).
 

 In the present case, the contested paragraph indicates that Federal’s responsibility under the contract “shall begin when ... bags or packages have been accepted and receipted for by Federal or its employees.... ” Complaint at exhibit A. Our reading of this plain language demonstrates that it clearly and unambiguously conditions Federal’s performance under the contract upon both the acceptance of bags or packages and the granting of a receipt for them. Thus, it unquestionably delineates a condition precedent involving those requirements.
 

 Since we have found that Federal’s liability under the contract was subject to a condition precedent and neither party disputes that the receipt portion of the condition remained unfulfilled at the time of the robbery, we must determine whether satisfaction of that requirement may be excused. Apparently arguing that strict application of the condition would be unfair, appellant asserts that the receipt requirement was immaterial and could only be seen as incidental to the far more significant satisfied requirement of possession
 
 *48
 
 and acceptance by Federal’s employee of appellant’s property.
 
 [5]
 

 See
 
 Appellant’s brief at 15.
 

 Restatement (Second) of Contracts
 
 § 229 discusses the excuse of a condition to avoid unfairness in connection with its strict enforcement. More specifically, that section relates to the excuse of a condition leading to a forfeiture, a term referring to “the denial of compensation that results when the obligee loses his right to the agreed exchange after he has relied substantially, as by preparation or performance on the expectation of that exchánge.”
 
 Restatement (Second) of Contracts
 
 § 229, comment b. Section 229 provides, “To the extent that the non-occurrence of a condition would cause disproportionate forfeiture, a court may excuse the non-occurrence of that condition unless its occurrence was a material part of the agreed exchange.”
 
 Restatement (Second) of Contracts
 
 § 229. Since Pennsylvania law “abhors forfeitures and penalties and enforces them with the greatest reluctance when a proper case is presented[,]”
 
 Fogel Refrigerator Co. v. Oteri,
 
 391 Pa. 188, 195, 137 A.2d 225, 231 (1958), section 229 is consistent with the law of this Commonwealth.
 
 See also Jackson v. Richards 5 & 10, Inc.,
 
 289 Pa.Super. 445, 433 A.2d 888 (1981) (indicating that forfeitures meet with great disfavor under the law and utilizing a discussion of a tentative
 
 Restatement
 
 draft to excuse performance on an express condition). Consequently, we will apply it in the present case.
 

 There can be little doubt that the operation of the condition in question will lead to a forfeiture since the condition’s nonoccurrence results in the denial of compensation for the loss of a cashbag possessed by Federal for transportation in accordance with the contract. Thus, the question becomes whether the forfeiture would be disproportionate.
 

 
 *49
 
 In determining whether the forfeiture is “disproportionate,” [the] court must weigh the extent of the forfeiture by the obligee against the importance to the obligor of the risk from which he sought to be protected and the degree to which that protection will be lost if the nonoccurrence of the condition is excused to the extent required to prevent forfeiture.
 

 Restatement (Second) of Contracts
 
 § 229, comment b.
 

 In the present case, appellant obviously entered into the armored car service contract so that it would have a secure method of transporting cash and checks to the bank. Strict application of the condition precedent would result in the loss of appellant’s ability to recover from Federal for the theft of the bag entrusted to Federal’s care. Moreover, we believe that the receipting requirement was intended to provide Federal with proof that it accepted, at a specific time, a certain number of cashbags for shipment. Thus, in our opinion, the requirement probably was little more than an accounting device designed to track bags picked up in accordance with the agreement. Under such circumstances, the receipt primarily would serve to protect Federal rather than Acme from, among other things, theft by its own employees and disputes regarding the number of bags accepted. Those are two risks not at issue herein.
 

 While we believe that the receipt requirement probably was an accounting device which had little impact upon the situation presently at issue, our examination of the certified record reveals that it is devoid of
 
 any
 
 evidence demonstrating the requirement’s actual purpose. Thus, even though we have speculated on the matter, the record is inadequate to determine whether our speculation is accurate. In view of the inadequate record, we may not conduct the critical weighing analysis required by the
 
 Restatement
 
 or determine whether fulfillment of the condition may be excused. Indeed, we note that the trial court erroneously believed that its analysis ended upon concluding that a receipt was required to fulfill the condition precedent. Thus, the court did not consider whether the forfeiture would be disproportionate, decide if the
 
 *50
 
 receipt requirement constituted a material part of the exchange, or require the parties to provide an adequate record either for resolving those issues or deciding whether summary judgment in favor of Federal would be appropriate. Accordingly, we must reverse the trial court’s grant of summary judgment and remand the matter for further proceedings.
 

 On remand, the trial court should conduct an evidentiary hearing to determine the purpose of the receipt requirement and engage in the necessary weighing analysis. In addition, the court should determine whether the contested requirement constituted a material part of the agreement.
 
 [6]
 
 While this determination rests to a large extent on the analysis of the requirement’s purpose, it also involves a consideration of the negotiations of the parties along with all other circumstances relevant to the formation of the contract or to the requirement itself, including the circumstances surrounding the theft.
 
 [7]
 

 Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.
 

 [1]
 

 . Our review of the motion reveals that it refers to the term "cashbags.”
 
 See
 
 Federal’s cross-motion for summary judgment. However, since the number of bags lost as a result of the robbery is irrelevant for present purposes, tve will utilize that term in its singular sense in the interest of consistency.
 

 [2]
 

 . We note that the reproduced record indicates that Federal also relied upon certain other materials in connection with its summary judgment motion. However, none of the additional materials is included in the certified record. Consequently, we may not consider them.
 
 See Floyd v. Philadelphia Elec. Co.,
 
 429 Pa.Super. 460, 632 A.2d 1314 (1993);
 
 Lilley v. Johns-Manville Corp.,
 
 408 Pa.Super. 83, 596 A.2d 203 (1991).
 

 [3]
 

 . In this regard, appellant avers that the paragraph does not “state that performance will only come due ‘if’ a certain event occurs; or 'on condition that’ a certain event occurs; or ‘provided’ that a certain event occurs.” Appellant's brief at 13.
 

 [4]
 

 . As the interpretation of a contract involves a question of law,
 
 Halpin v. LaSalle University,
 
 432 Pa.Super. 476, 639 A.2d 37 (1994), the determination of a condition's purpose constitutes an exercise in legal analysis.
 

 [5]
 

 . We note that appellant’s argument, which is characterized as relating to the issue of substantial performance, questions the propriety of the trial court's denial of its summary judgment motion. However, since an order denying summary judgment is interlocutory in nature, that portion of the trial court’s order is not appealable.
 
 See
 
 Pa.R.A.P. 341;
 
 Youngman v. CNA Ins. Co.,
 
 401 Pa.Super. 381, 585 A.2d 511 (1991). Consequently, we treat appellant’s argument as if it relates solely to the propriety of Federal’s summary judgment grant.
 

 [6]
 

 . We note that the form on which the requirement appears is preprinted and does not contain any alterations. Thus, while not dispositive, our examination of that document suggests that the requirement was not specifically bargained-for.
 

 [7]
 

 . In light of our determination, we do not address appellant’s two remaining claims which relate to whether Federal assumed liability for the bag immediately upon obtaining possession of it and whether satisfaction of the condition precedent may be excused since the failure of the condition resulted from the conduct of Federal’s own employee.