## Martin v. Donahue

*Lindley M. Cowperthwait Jr.,* for plaintiff.
*James J. McCarthy,* for defendant.

SMYTH, *J.,* January 2, 1997—This is an appeal dated December 16, 1996, from the order of the undersigned on November 27, 1996, as amended by order of court on December 17, 1996, holding that a release signed by the plaintiff does not apply to the defendant in the instant action.

The undersigned certified this issue for appeal by order dated November 27, 1996. For the court's reasoning regarding the release signed by the plaintiff and its application to the instant matter, the court refers the Superior Court to the memorandum by the court dated November 27, 1996, as amended by order of

court dated December 17, 1996, a copy of which is attached. [Amendments are included in the following text. Order of December 17, 1996, not reproduced herein.]

For the reasons expressed in the aforementioned memorandum, we respectfully request the Superior Court to affirm the rulings by the court.

---

## MEMORANDUM—NOVEMBER 27, 1996
### *Facts and Procedure*

This matter involves a medical malpractice suit brought by the plaintiff for allegedly receiving negligent medical treatment from the defendant from January 2, 1990, to March 26, 1990, after the plaintiff was injured at work on November 29, 1989. Specifically, the matter before the court involves the application to the present medical malpractice action of releases executed on July 22, 1991, in a Chester County workers' compensation action.

The underlying matter was commenced by summons on November 18, 1991, with the plaintiff filing a complaint on February 27, 1992. On December 14, 1993, defendant filed a motion for partial summary judgment based on the release forms signed by the plaintiff on July 22, 1991. On June 6, 1994, the Honorable Bernard A. Moore denied defendant's motion but granted defendant leave to amend. On April 18, 1996, defendant filed a second motion for partial summary judgment which Judge Moore denied on September 3, 1996. On October 3, 1996, Judge Moore denied defendant's motion to seek certification for interlocutory appeal and granted defendant's motion to bifurcate the contractual issue of the validity of a release in an underlying claim. A hearing on the release issue was held before the undersigned on October 15, 1996.

## Pennsylvania Legal Standards

The Pennsylvania Superior Court has held that "[a] release is interpreted according to general contract principles." *Harrity v. Medical College of Pennsylvania Hospital,* 439 Pa. Super. 10, 20, 653 A.2d 5, 10 (1994). In discussing these general contract principles, the Pennsylvania Superior Court held the following:

"When construing agreements involving clear and unambiguous terms, this court need only examine the writing itself to give effect to the parties['] understanding. *McMahon v. McMahon,* 417 Pa. Super. 592, 612 A.2d 1360 (1992) (en banc). The court must construe the contract only as written and may not modify the plain meaning of the words under the guise of interpretation. *Trumpp v. Trumpp,* 351 Pa. Super. 205, 505 A.2d 601 (1985). When the terms of a written contract are clear, this court will not re-write it to give it a construction in conflict with the accepted and plain meaning of the language used. *Litwack v. Litwack,* 289 Pa. Super. 405, 433 A.2d 514 (1981)." *Acme Markets Inc. v. Federal Armored Express Inc.,* 437 Pa. Super. 41, 46-47, 648 A.2d 1218, 1220-21 (1994) (quoting *Creeks v. Creeks,* 422 Pa. Super. 432, 435, 619 A.2d 754, 756 (1993)). The court in *Acme Markets* continued by noting the following:

"Conversely, when the language is ambiguous and the intention of the parties cannot be reasonably ascertained from the language of the writing alone, the parol evidence rule does not apply to the admission of oral testimony to show both the intent of the parties and the circumstances attending the execution of the contract." *Id.* at 47, 653 A.2d at 10.

In *Wrenfield Homeowners Association Inc. v. De-Young,* 410 Pa. Super. 621, 600 A.2d 960 (1991), the

Superior Court noted that, when ascertaining the intention of the parties in construing a release, courts should look to the following standard: "the court may take into consideration the surrounding circumstances, the situation of the parties, the objects they apparently have in view, and the nature of the subject-matter of the agreement . . . . [t]he court will adopt an interpretation that is most reasonable and probable bearing in mind the objects which the parties intended to accomplish through the agreement." *Id.* at 627, 600 A.2d at 963. (citations omitted)

Furthermore, a release may contain limiting language which renders the release applicable only to certain parties. *Harrity, supra* at 21-23, 653 A.2d at 10-12.

## Discussion

In the instant case, plaintiffs paid consideration for and executed two release forms.[1] They read in relevant part as follows:

"KNOW ALL THESE MEN THAT, JOHN MARTIN for and in consideration of, $36,000 the receipt and sufficiency of which are hereby acknowledged, do/does hereby remise, release, and forever discharge DENNIS SATNICK INC., HEYDT PLASTER & STUCCO INC. together with all persons or entities, both known and unknown, who are or subsequently may be determined to be liable for the claims referred to below . . ., *especially In The matter of Martin v. Heydt Plaster and Stucco Inc., Chester County Court of Common Pleas, no. 91-*

---

1. Plaintiff John Martin paid $15,000 in consideration of the first release and $36,000 in consideration of the second release. It should be noted that plaintiff Martin paid this consideration by the defendants in the Chester County action, not by defendant John R. Donahue M.D., of the present action.

*01797 . . . . "* Release Form of July 22, 1996. (emphasis added)

"Know all Men by these Presents that John Martin for and in consideration of the sum of $15,000 do hereby remise, release, and forever discharge Mark Heydt, Fran Heydt and Heydt Plaster & Stucco Inc. . . . from any civil cause of action . . . arising from an alleged incident occurring on 11/29/89 *and most especially from civil action no. 91-01797, Chester County Court of Common Pleas."* Release Form of July 22, 1996. (emphasis added)

Both releases contain limiting language, of the type discussed in *Harrity*,[2] which restricts the application

---

2. The limiting language of the release in *Harrity* referred to claims "arising out of an accident which occurred June 22, 1986 *and for which suit was brought in the United States District Court for the Eastern District of Pennsylvania at civil action no. 88-4913, styled: Sarah T. Harrity v. Claridge at Park Place Inc." Harrity,* supra at 13, 635 A.2d at 20. (emphasis in original) The Superior Court held this to be "extremely clear limiting language." *Id.* at 22, 635 A.2d at 11. In the releases of the present case, the limiting language does differ somewhat in style from that in *Harrity.* While the release in *Harrity* contains the language "and for which suit was brought . . . at civil action no. 88-4913," the releases in the present case say " , [sic] especially In The matter of" and "and most especially from civil action no. 91-01797." However, the addition of the words "especially" and "most especially" does not cast these releases in a different light from that in *Harrity.* These releases still contain the same type of limiting language as that found in the *Harrity* release. In fact, by reading the comma before the word "especially" as the word "and" in the first release, the first release reads almost identically to that in *Harrity.* Only words such as "especially" and "most especially" distinguish the instant releases from that in *Harrity.* Such additions do not take these releases out of the purview of *Harrity.* Instead, they only serve to emphasize the limitation of the releases to the Chester County action.

of both releases to the cause of action brought in the Chester County Court of Common Pleas. The first release notes that it applies "especially *In The matter of Martin v. Heydt Plaster and Stucco Inc.,* Chester County Court of Common Pleas, no. 91-01797," and the second release specifies a discharge from liability "most especially from civil action no. 91-01797, Chester County Court of Common Pleas." This language limits the application of the releases to the Chester County Court of Common Pleas action. It does not apply to medical care to be provided at some future point after the releases were adopted by the parties. However, because the language in the releases at issue does not completely mirror the language of the release in *Harrity,* arguably these releases may have ambiguity concerning their true meaning and intent. The true intent of the releases becomes clear upon an analysis of the following parol evidence.

Deborah Hartwell, Esq., represented defendant Dennis Satnick Inc., in the Chester County workers' compensation action brought by John and Tammy Martin, plaintiffs in the present medical malpractice action. In her deposition regarding the releases at issue, Deborah Hartwell responded as follows:

"Q. Now, what was your understanding of a general release back at the time that this document was sent out to plaintiffs' counsel, plaintiffs' previous counsel?

"A. My sole intention here was to protect Dennis Satnick and, of course, since Heydt Plaster could also drag Dennis Satnick into the case again were they sued again, the idea was to simply resolve this case so that with some assurances to my client that they could not be sued again." *Deposition of Deborah Hartwell, Esq.,* November 3, 1995, p. 10.

Robert G. Leino, Esq., was the attorney for defendants Heydt Plaster & Stucco Inc., Mark Heydt and Fran Heydt in the Chester County action. In a sworn affidavit regarding the releases at issue, he declared the following:

"I participated in the settlement negotiations in relation to the aforesaid matter on behalf of Heydt Plaster & Stucco Inc., Mark Heydt and Fran Heydt. At no time during the settlement negotiations did any party involved express an intent or desire to release from liability any party not involved at that time in either the workmen's compensation case or in the related case filed in Chester County Common Pleas Court. There were no negotiations nor any intent to release from liability any medical care provider to John S. Martin in relation to any possible malpractice claim for improper medical treatment that John S. Martin may have received. Such issue was never bargained for by any party nor was it either the intent or understanding of the parties, or their counsel, in the workmen's compensation case of the common pleas case, as aforesaid, to release from liability any possible claim that John S. Martin might or did have in relation to the quality of medical care that he received for the injuries that were the subject matter of the aforesaid workmen's compensation claim or in the Court of Common Pleas of Chester County." *Affidavit of Robert G. Leino, Esq.,* March 18, 1994, paragraph 2.

Both of the attorneys for the defendants in plaintiffs' Chester County workers' compensation action have stated that the releases were not intended to apply to future medical care received by plaintiff John Martin. Rather, both of the attorneys with whom plaintiffs negotiated stated that the releases were to apply only

to the defendants in the Chester County case. None of the negotiations for the releases discussed any possible application of the releases to future medical treatment. By executing the releases, the parties intended to avoid future lawsuits by John and Tammy Martin against Dennis Satnick, Heydt Plaster & Stucco Inc., Mark Heydt and Fran Heydt only. As such, the releases executed on July 22, 1991, have no application in the present medical malpractice case.

For the foregoing reasons, the releases signed by plaintiff John Martin on July 22, 1991, only apply to those defendants involved in the Chester County action captioned at 91-01797. The releases do not apply to defendant John R. Donahue M.D., in the instant action.