J-A22008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KEVIN C. LIBBY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PALMER WETZEL, JR., D/B/A WETZEL LUMBER CO., | |
| Appellee | No. 337 MDA 2015 |

Appeal from the Order Dated January 21, 2015
In the Court of Common Pleas of Lycoming County
Civil Division at No(s): 13-02,638

BEFORE:  BOWES, JENKINS, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:               **FILED FEBRUARY 26, 2016**

Kevin C. Libby appeals the order entered on January 21, 2015, wherein the trial court granted summary judgment in favor of the defendant, Palmer Wetzel, Jr., d/b/a Wetzel Lumber Company (collectively "Wetzel"). We affirm.

Around 12:00 p.m., on March 29, 2013, Appellant was logging for Wetzel on the lumber company's property.  Appellant was not a salaried employee.  His pay was based upon the type and number of trees that he felled using Wetzel's equipment.  The property, approximately twenty-five acres in Lycoming County, Pennsylvania, was sloped and the leaf-covered ground was rocky and muddy.  Appellant had been working on the property

_____

* Retired Senior Judge assigned to the Superior Court.

for approximately two weeks when he attempted to use a piece of heavy machinery known as a log skidder to topple a tree that was difficult to access and cut conventionally.[1]  The log skidder allegedly malfunctioned during the maneuver, lost power, and rolled backward down the grade. Appellant attempted to stop the descent by activating the foot brake and emergency hand brake.  However, without power to the hydraulic system, the brakes were inoperable.  Appellant slid down the hill backwards at about four to five miles per hour for approximately twenty feet and crashed into a tree.  He asserts that he sustained physical injury to his lower back, but the extent of his injuries were not immediately apparent.

On October 18, 2013, Plaintiff filed a civil complaint against Wetzel alleging negligence in the maintenance of the log skidder.  After some procedural wrangling, Wetzel filed an answer and new matter, and Appellant filed a reply to new matter.  Thereafter, Wetzel filed a motion for judgment on the pleadings, which the trial court denied.  On October 20, 2014, Appellant and Steven Wetzel, who helped run his father's logging operation, were deposed at the law office of Wetzel's counsel.  Thereafter, on December 1, 2014, Wetzel filed a motion for summary judgment asserting

---

[1] The certified record reveals that the logging equipment was a John Deere 540B skidder that was manufactured between 1968 and 1980.  Skidders are versatile logging machines that are designed primarily for removing cut trees from a forest to a landing for transportation.  *See* http://www.forestsandrangelands.gov/catalog/equipment/skidders.shtml.

that (1) since Appellant was responsible for maintaining the log skidder, the complaint did not allege a cause of action for negligence; and (2) Appellant failed to provide a medical opinion that connected his lower spine injury to the March 29, 2013 incident.[2] Appellant failed to file a response to Wetzel's motion for summary judgment within thirty days pursuant to Pa.R.C.P. 1035.3(a).

Immediately prior to the non-record argument on Wetzel's motion, on January 20, 2015, Appellant filed a brief in opposition to summary judgment.[3] During the hearing, the trial court noted that Appellant's response was filed beyond the thirty-day limit. The following day, the trial court entered the above-referenced order granting summary judgment in favor of Wetzel. The trial court invoked Rule 1035.3(a) as one of four separate bases to enter summary judgment. It also cited Appellant's failure to produce *prima facie* evidence of causation, a duty owed by Wetzel, or a breach of that duty. This timely appeal followed.

Appellant presents two questions for our review:

---

[2] Appellant neglected to proffer any expert medical opinion during discovery, and the only medical expert who was scheduled for deposition, Nathan Carpenter, DC, cancelled.

[3] While the brief is listed on the trial court's docket entries, it is not identified in the list of documents transmitted to this Court, nor included in the certified record on appeal.

1. Whether the lower court committed an abuse of discretion/error of law in entering summary judgment against the Appellant for failure to file a response to Appellee's Motion for Summary Judgment?

2. Whether the lower court committed an abuse of discretion/error of law in otherwise granting Appellee's Motion for Summary Judgment, despite issues of fact still existing?

Appellant's brief at 6.

Our standard of review is as follows:

An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo.*

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Reinoso v. Heritage Warminster SPE LLC*, 108 A.3d 80, 84 (Pa.Super. 2015) (*en banc*) (citation omitted).

In disposing of Appellee's motion for summary judgment, the trial court entered the following order,

AND NOW, the 20th day of January 2015, after argument on Defendant's motion for summary judgment, filed December 1, 2014, the motion is granted. Plaintiff has failed to file a

timely response to the motion[1] and, in any event, has provided no expert testimony establishing a causal connection between the incident and his injuries. Plaintiff has also failed to offer evidence of a duty owed to him and breach of the duty[.] [I]n response to the evidence offered by Defendant, that it was Plaintiff's responsibility to check the fluid levels of the skidder during his use of the machine, Plaintiff refers to Restatement of Torts (Second) Section 404,[2] which the court finds inapplicable here, and, as far as breach, states merely that "the failure of the machinery itself is clear indication that the repairs/maintenance on the machinery were not done satisfactorily."[3] This bald assertion is no evidence at all.

---

[1] Plaintiff filed a brief in opposition to summary judgment on January 20, 2015. A response was due, however, within thirty days of service of the motion. Pa.R.C.P. 1035.3(a).

[2] That section provides: "An independent contractor [who] negligently makes, rebuilds, or repairs a chattel for another is subject to same liability as that imposed upon negligent manufacturers of chattels."

[3] Plaintiff's Brief in Opposition to Summary Judgment at p.2.

Trial Court Order, 1/21/15, at 1.

Pursuant to Pa.R.C.P. 1035.3(a), a respondent to a motion for summary judgment is required to file a response within thirty days after service. The response must identify in the record either an issue of material fact that challenges the factual assertions in the motion for summary judgment or evidence that supports the facts essential to the respondent's position. Failure to comply may result in judgment being entered against the nonresponsive party. Specifically, Rule 1035.3(a) and (d) provide,

> (a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings

but must file a response within thirty days after service of the motion identifying

> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
>
> . . . .
>
> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.
>
> . . . .
>
> (d) Summary judgment may be entered against a party who does not respond.

Pa.R.C.P. 1035.3(a) and (d).

The crux of Appellant's first argument is that Pa.R.C.P. 1035 is inapplicable herein. He contends that the Rule 1035.3(d) sanctions apply only to parties who fail to proffer any response to a motion for summary judgment. Appellant reasons that, since he filed the brief in opposition to the motion for summary judgment on the day scheduled for argument, he satisfied the rule's responsive requirements. As to the tardiness of his response, Appellant asserts that "Rule 1035.3(d) does not include the word 'timely.'" Appellant's brief at 11. He contends that the court's decision to enter summary judgment against him due to the untimeliness of his submission was draconian and that "such untimely filing does not invoke the remedy set forth in Rule 1035.3(d)." *Id*.

Next, relying upon his interpretation of Lycoming County Local Rules of Procedure L208.3(a)B, L208.3(b), and L1035.2(a), which we set forth *infra*, Appellant contends that **no** response was required under the procedural posture of this case. Appellant frames this argument as follows. Pursuant to Lycoming County Local Rule 1035.2(a), "A motion for summary judgment shall be . . . processed in accordance with local rule L208.3(a)." While Local Rule L208.3(a) does not provide any information that is pertinent to this case, Appellant references the portion of the rule that outlines the procedure litigants must follow when a trial court orders the parties to submit briefs, which did not occur in the present case. In addition, Appellant seizes upon a successive subparagraph of L208 that was not expressly identified by Rule L1035.2(a) as governing the court's review of motions for summary judgment. That provision states,

> **(b). Motion response**. If the court deems a response is necessary, the response shall be filed within twenty (20) days unless the court orders a shorter or longer time. If a response is not timely filed, or if a response is filed raising no contested issue of fact, the court may deem the matter as being uncontested and may accept all factual averments as true and issue a dispositive order accordingly without further argument, upon motion of the moving party or in its own discretion.

Lyc.Co.R.C.P. L208.3(b).

Reading L208.3(a)B and L208.3(b) in *pari materia*, Appellant reasons that, since the trial court neither ordered the parties to file briefs in support of their respective positions in accordance with L208.3(a)B nor directed

either party to file a response pursuant to L208.3(b), the trial court did not deem a response to be necessary. Appellant's brief at 13. He continued that, in light of the trial court's implicit holding that no response was required in this case, his unsolicited brief in opposition to the motion was not required to comply with any time requirements.

Wetzel counters that Rule 1035.3 is applicable as a matter of law and that Appellant's failure to file a response within thirty days was grounds alone to enter summary judgment against him. He argues that Appellant muddles the relevant local rules. In response to Appellant's obfuscation, Wetzel highlights that, even to the extent that Appellant's interpretation of the local rules is accurate, Rule 1035.3(d) would supersede the blend of local rules that Appellant relies upon.

Upon thorough review of the parties' arguments and the relevant legal authority, we affirm the trial court's grant of summary judgment. Rule 1035 states unequivocally that a timely response is required. In pertinent part, Rule 1035.3 stresses that "the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion." Pa.R.C.P. 1035.3(a). Instantly, Wetzel filed the motion for summary judgment on December 1, 2014. Thus, Appellant's response was due on or before December 31, 2014. Since

Appellant did not submit his brief in opposition to the motion until the outset of the January 20, 2015 hearing, his response was filed twenty days late.[4]

The trial court's decision to enter summary judgment for Appellant's noncompliance with Rule 1035.3(a) is plainly within its discretion. Rule 1035.3(d) authorizes a trial court to enter summary judgment against a party who does not comply with the Rule 1035(a). While subsection (d) does not reference the thirty-day time requirement specifically, the trial court was doubtlessly empowered to act in this case due to Appellant's noncompliance. Furthermore, although this Court has indicated that it is within the trial court's discretion to forego entering summary judgment against a noncompliant party, that did not occur herein. *Cf*. ***Thomas v. Elash***, 781 A.2d 170, 177 (Pa.Super. 2001) (trial court has discretion to forego Rule 1035.3(d) sanctions and dispose of motion on record alone). Accordingly, for all of the foregoing reasons we reject Appellant's contention that Rule 1035.3(a) and (d) were inapplicable, and we find that the trial court's reliance on those provisions was a reasonable exercise of its discretion.

---

[4] To the extent that the trial court reasoned that Appellant's brief in opposition to the motion for summary judgment was not a "response" under Rule 1035.3, we disagree. Stated plainly, Rule 1035.3 does not prescribe a particular format for responding to a motion for summary judgment so long as the response is timely and satisfies the substantive components outlined in subsection (a)(1) or (a)(2).

Appellant's reliance on the Lycoming County Local Rules L208.3(a)B and L208.3(b) fares no better. Recall that Appellant invoked the respective local rules to contend that, since the trial court did not order him to file a response to Wetzel's motion or brief in opposition to the motion, the trial court did not deem a response to be necessary. Thus, he concludes that the untimeliness of his response is excused.

Assuming for the sake of argument that the trial court's election to forego the submission of briefs or the lack of an order specifically directing Appellant to respond to the motion for summary judgment within twenty days discharged Appellant's noncompliance with the time requirements established in the local rules, that action would not negate Appellant's patent violation of the express terms of Rule 1035.3(a). As Wetzel accurately observed, the purpose of a local rule is to supplement the Pennsylvania Rules of Civil Procedure rather than supplant them. To the degree that application of a local rule contradicts the explicit function of a statewide rule, the local rule must be subservient. **See** Pa.R.C.P. 239 ("Local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly"); **Sanders v. Allegheny Hospital-Parkview Div**., 833 A.2d 179, 183 (Pa.Super. 2003) ("The proper inquiry in deciding the validity of a local rule is whether it is inconsistent with any rule promulgated by the Pennsylvania Supreme Court or any statute."). Thus, to the extent that Appellant interpreted Lycoming County Local Rule L1035.2, L208.3(a)B, and

L208.3(b) as excusing his inaction and relied upon that interpretation in derogation of the explicit time requirements of Rule 1035.3(a), he did so at his own peril. No relief is due.

Having found that the trial court did not err or abuse its discretion in entering summary judgment against Appellant based on his failure to file a timely response in accordance with Rule 1035.3(a), we need not address Appellant's second issue concerning the merits of the trial court's finding that Appellant failed to present sufficient facts of a duty, breach, or causation to make out a *prima facie* case of negligence. Even so, in abundance of caution, we review Appellant's claim and reject it.

First, we observe that Appellant's failure to ensure that the certified record included all of the necessary documents impedes our review of the claim. In **Commonwealth v. Preston**, 904 A.2d 1, 6–7 (Pa.Super. 2006) (*en banc*) this Court discussed the significance of the certified record when addressing the merits of an appellate argument. We explained,

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

*Id*. at 6–7 (internal citations omitted).

As it relates to an appellant's fundamental responsibility to ensure that the certified record contains all of the materials necessary for appellate

- 11 -

review, we concluded, "an appellate court may direct that an omission or misstatement shall be corrected through the filing of a supplemental certified record[;] [h]owever, the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts." *Id*. at 7.

Instantly, Appellant failed to ensure that his brief in opposition to the motion for summary judgment was included in the certified record on appeal. As noted, *supra*, the brief's filing is logged on the trial court's docket; however, it is not identified on the Lycoming County Prothonotary's list of documents transmitted to this Court or included in the certified record on appeal. Appellant's misstep is particularly detrimental in this appeal in light of Wetzel's allegations that the brief was inadequate insofar as it failed to identify material issues of fact or the facts essential to his cause of action as required by Rule 1035.3(a)(1) and (a)(2), respectively. Since the brief in opposition is not included in the certified record, it does not exist for the purposes of our review and we are unable to confirm its contents. *See Preston*, *supra*; *Floyd v. Philadelphia Elec. Co.*, 632 A.2d 1314, 1315 (Pa.Super. 1993) (internal citations omitted) ("It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal. For purposes of appellate review, what is not of record does not exist.").

Nevertheless, having found sufficient basis to affirm the trial court's entry of summary judgment due to Appellant's untimely response, for our purposes herein, the photocopy of the brief that Appellant submitted with the reproduced record will suffice. Upon review of that document, it is clear that Appellant's response to the motion for summary judgment failed to satisfy the substantive aspects of Rule 1035.3(a)(1) or (a)(2). Stated plainly, Appellant neglected to assert in the brief any issues of material fact regarding (1) the evidence Wetzel cited in support of his motion for summary judgment; or (2) the portion of Appellant's cause of action that the motion challenged as deficient; *i.e.*, the lack of expert opinion evidence linking Appellant's injury to the March 29, 2013 incident and the failure to present facts to demonstrate that Wetzel had a legal obligation to perform daily maintenance on the equipment.

Appellant's response failed to refute Wetzel's assertion that he has not presented *prima facie* evidence linking his lower back injury with the March 29, 2013 log skidder incident. Wetzel's motion for summary judgment emphasized that Appellant did not seek medical treatment until approximately five weeks after the alleged incident and when he finally sought treatment he presented dates, facts, and injuries that were inconsistent with the skidder episode. The motion highlighted that between May 10, and June 19, 2013, Appellant participated in three separate medical examinations where he complained respectfully of (1) a hip injury associated

with operating his tractor during mid-April; (2) a hip injury he suffered after he was struck by an object about the same time; and (3) an ankle injury that he suffered on May 1, 2013. As none of the these reports was evidence of the lower back injury that Appellant alleged in his complaint, Wetzel asserted that Appellant's claim was speculative and that a medical opinion was required to support his allegation that the injury was, in fact, the result of the log skidder incident.

Appellant's brief in opposition to the motion for summary judgment was marginally responsive to Wetzel's challenges. Rather than present an expert medical opinion that would raise a genuine issue of material fact regarding causation, Appellant's response referenced two subsequent examinations that he attended on July 11, 2013 and May 20, 2014. He attached the respective examination reports to his brief in opposition and highlighted that those reports indicated that **he described to the physicians** a mechanism for the injury that was consistent with his complaint. On appeal, Appellant invokes what he designates as "the relaxed rules of evidence relative to [compulsory] arbitration" pursuant to Pa.R.C.P. 1305(b)(1). Specifically, he asserts that Rule 1305(b)(1) does not require the in-person testimony of expert witnesses. Thus, he opines that the statements that he made during the latter examinations are *prima facie* evidence of causation. We disagree.

First, while Rule 1305(b)(i) permits the admission of hospital records and reports into evidence under subsection (iii), the rule also permits the admission of "expert reports and descriptions of expert qualifications[.]" Thus, both types of evidence are admissible. More importantly, however, though admissible, Appellant's examination reports are insufficient to establish *prima facie* evidence of causation because both reports merely reiterate what Appellant told the physicians about the injury. Neither report provides the equivalent of an expert medical connection between the mechanics of the lower-back injury and the alleged incident. Appellant's personal account of the incident, which he provided during two of five medical examinations, is not *prima facie* evidence of the required element of causation in a personal injury case when the issue is one requiring expert testimony. ***See Smith v. German***, 253 A.2d 107, 1008-109 (1969) (absent obvious causal relationship, expert medical testimony is required to prove element of causation in personal injury claims). Hence, while the referenced reports are admissible, they are manifestly inadequate to establish causation. In contrast, if *prima facie* evidence of causation could be established herein, an expert medical report discussing the link between the injury and the March 29, 2013 incident would establish it within a reasonable degree of medical certainty.

Likewise, Appellant failed to demonstrate that Wetzel had a duty to check and maintain the level of hydraulic fluid once Appellant took

possession of the machine and used it daily over a two week period.[5]  In order to circumvent this deficiency, Appellant invokes the Restatement of Torts (Second) § 404, regarding the liability of an independent contractor who repairs the chattels of another.[6]  That precept fails, however, because Steven Wetzel, the individual who performed maintenance on the skidder before Appellant took possession of it, is not an independent contractor and the record establishes that Appellant used the machine daily for two weeks without incident.

Appellant implicitly references the coordinate jurisdiction rule by arguing that the trial court erred in granting summary judgment based upon his failure to present evidence of the duty or Wetzel's breach.  He contends that since a prior trial court rejected the claim in denying Wetzel's preliminary objections to the complaint and the current court denied

---

[5] Appellant was cognizant that someone would have to perform daily maintenance on the skidder.  **Deposition of Kevin Libby**, 10/20/14, at 34. Every morning, Appellant checked the machine's engine oil and inspected the equipment for vandalism and leaks.  **Id**. at 47.  However, Appellant never checked the skidder's hydraulic fluid or talked to Wetzel or his son about who was responsible for maintaining it.  **Id**. at 25, 27-28.

[6] The Restatement of Torts (Second) § 404 provides as follows,

§ 404 Negligence in Making, Rebuilding, or Repairing Chattel

One who as an independent contractor negligently makes, rebuilds, or repairs a chattel for another is subject to the same liability as that imposed upon negligent manufacturers of chattels.

Wetzel's previous motion for judgment on the pleadings, the trial court was bound by those determinations in reviewing this aspect of Wetzel's motion for summary judgment. **See** Appellant's brief at 14. We disagree.

In **Zane v. Friends Hosp**., 836 A.2d 25, 29 (Pa. 2003) (footnote and citations omitted) our Supreme Court explained, "Generally, the coordinate jurisdiction rule commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge." Stated plainly," judges of coordinate jurisdiction should not overrule each other's decisions." **Id**. However, it is beyond peradventure that the coordinate jurisdiction rule does not apply to bar rulings on summary judgment that diverge from earlier rulings on preliminary objections. **See Herczeg v. Hampton Twp. Mun. Auth.**, 766 A.2d 866, 870 (Pa.Super. 2001) (quoting **Rosenfield v. Pennsylvania Automobile Ins. Plan**, 636 A.2d 1138, 1142 (Pa.Super. 1994)) ("This rule is not intended to preclude granting summary judgment following the denial of preliminary objections.").

Instantly, Appellant's coordinate jurisdiction argument overlooks the differences in the procedural postures of a trial court's rulings on preliminary objections, a motion for judgment on the pleadings, and a motion for summary judgment. When the prior trial court addressed Wetzel's preliminary objections, it reviewed only Appellant's civil complaint and the

attached exhibits. Similarly, when the trial court reviewed Wetzel's motion for the judgment on the pleadings, it tested the sufficiency of the pleadings generally. However, in granting the instant motion for summary judgment, the trial court had the added benefit of Appellant's and Stephen Wetzel's depositions in testing the sufficiency of the Appellant's negligence case. Thus, in light of **Herczeg**, **supra** and **Rosenfield**, **supra**, we reject Appellant's contention that the trial court violated the coordinate jurisdiction rule in granting Wetzel's motion for summary judgment.

Accordingly, we do not disturb the trial court's decision to enter summary judgment on the basis of Appellant's failure to present facts that establish a causal connection between the incident and his injuries or facts that demonstrate the existence of a duty owed to him or Wetzel's breach of that duty.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2016