J-S66019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TRI-OUTDOOR, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUCAS KEYSER AND DEED HOLDING | : | No. 1309 EDA 2018 |
| COMPANY, A PENNSYLVANIA | : | |
| LIMITED LIABILITY CORPORATION | : | |

Appeal from the Judgment Entered April 25, 2018
In the Court of Common Pleas of Northampton County
Civil Division at No(s):  C-48-CV-2017-2273

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.:                    **FILED MARCH 20, 2019**

Appellant, Tri-Outdoor, Inc. ("Tri"), signed a written agreement to lease real estate ("the Property") from appellee, Lucas Keyser. Tri intended to erect a billboard on the Property. The lease agreement granted Tri a right of first refusal over any sale of the Property. Despite the right of first refusal, Keyser sold the Property to appellee, Deed Holding Company ("DHC").

Tri filed a complaint requesting specific performance of the right of first refusal and asserting a claim for tortious interference with contractual relations against DHC. Tri did not plead a claim for money damages. After a bench trial, the court found that Tri had not established valid consideration for the lease agreement, and therefore found in favor of Keyser. The court further

concluded that in the absence of a valid contract, Tri could not establish its tortious interference with contractual obligations claim against DHC.

On appeal, Tri raises three discrete issues.[1] However, we reach only the first issue, as it is dispositive. Tri contends the court erred in finding an absence of consideration. We agree, and therefore vacate the verdict on the specific performance claim.

We review non-jury trial verdicts to determine whether the court's findings are supported by competent evidence and whether the court properly applied the law. **See Stephan v. Waldron Elec. Heating & Cooling LLC**, 100 A.3d 660, 664 (Pa. Super. 2014). We do not treat a judge's factual findings any differently from a jury's factual findings. **See id**. To determine whether the record supports the findings, we review the evidence in the manner most favorable to the verdict winner. **See id**. However, on questions of law, our review is unrestricted. **See id**., at 665.

Specific performance is the surrender of a thing, as opposed to money damages, due to the unique nature of the thing at stake. **See Cimina v. Bronich**, 537 A.2d 1355, 1357 (Pa. 1988). A request for specific performance

_____

[1] We note that Appellant identifies three issues in its Statement of Questions Involved. **See** Appellant's Brief, at 5. However, in violation of Pa.R.A.P. 2119(a), Appellant has only one argument section in its brief. This oversight does not hinder our ability to review Appellant's claim for specific performance. However, we can discern no argument against the trial court's verdict against Tri's claim for tortious interference with contractual relations. We therefore do not review that verdict.

is an appeal to the court's equitable powers. *See Lackner v. Glossner*, 892 A.2d 21, 31 (Pa. Super. 2006). "A party may obtain specific performance of a right of first refusal where the right is valid, the challenged conveyance was made in derogation of the right, and there is no adequate remedy at law." *Delaware River Preservation Co., Inc. v. Miskin*, 923 A.2d 1177, 1182 (Pa. Super. 2007) (citation omitted). "A decree of specific performance is not a matter of right, but of grace." *Barnes v. McKellar*, 644 A.2d 770, 776 (Pa. Super. 1994) (citations omitted).

The court found that Keyser and Tri entered into a lease agreement, "pursuant to which Tri would lease the [P]roperty for purposes of erecting a billboard." *See* Trial Court Opinion, 2/8/18, at ¶ 5. The term of the lease was defined as "a term of Twenty (20) years, beginning upon completion of construction and acquiring all necessary local and state permits." *Id*., at ¶ 6 (underlining omitted). Tri was not obligated to pay rent until either the billboard was constructed or the beginning of the term of the lease, whichever was later. *See id*., at ¶ 3.

The lease agreement also granted Tri a right of first refusal. *See id*., at ¶ 7. Under the right of first refusal, Tri had the right to purchase the Property "at the same price and on the same terms as any proposed sale that [Keyser] desires to consummate." *Id*. Keyser was required to provide written notice to Tri of any offer he received. *See id*. Tri had thirty days from this notice in which to exercise its right of first refusal. *See id*.

After the parties signed the agreement, Tri paid for a survey of the Property and a wetlands study. *See id*., at 10. Further, Tri paid for contractors to prepare the Property for construction. *See id*., at 11.

Subsequently, Keyser informed Tri that he had received an offer to buy the Property for $18,000.00. *See id*., at 13. Keyser mailed written notice of the offer to Tri on February 14, 2017. *See id*., at 14. However, on March 6, 2017, "during Tri's thirty-day period to review the Agreement of Sale to determine whether it would exercise its right to purchase, Keyser sold the property to DHC for $9,000.00." *See id*., at 15. "Keyser never informed Tri of the Agreement of Sale for $9,000." *See id*., at 16. Three days later, Tri notified Keyser of its intent to exercise its right of first refusal. *See id*., at 17.

After reviewing the record, we conclude these factual findings are well supported. We therefore turn to the court's legal conclusions.

The court concluded that Tri had failed to establish the existence of an enforceable contract. *See id*., at 6. An enforceable contract is formed if the parties: (1) reach a shared understanding of the agreement; (2) swap consideration; and (3) set forth the terms of the agreement with sufficient clarity. *See Weavertown Transport Leasing, Inc. v. Moran*, 834 A.2d 1169, 1172 (Pa. Super. 2003).

Here, the court concluded Tri had failed to establish that it had provided any consideration to Keyser in return for the benefits Tri gained from the agreement. *See* Trial Court Opinion, 2/8/18, at 6. Specifically, the court

determined that Tri had no obligation to perform under the agreement "prior to accessing and making use of the [P]roperty." *Id*.

Consideration is a legal concept that encompasses the distinction between a gift and a contractual obligation. A contractual obligation is only undertaken with the understanding that the obligor will receive consideration from the obligee in return. Consideration consists of a benefit to the obligor or a detriment to the obligee. *See Weavertown*, 834 A.2d at 1172.

In contrast, consideration is absent from a gift – the promisor makes a gift with no belief that he will receive consideration in return. This is true even when the gift is conditioned upon the recipient undertaking some effort to consummate the gift. For example,

> if a benevolent man says to a [beggar,] 'if you go around the corner to the clothing shop there, you may purchase an overcoat on my credit,' no reasonable person would understand that the short walk was requested as the consideration for the promise, but that in the event of the [beggar] going to the shop the promisor would make him a gift.

*Id*. (quotation marks and citation omitted).

Under the lease agreement, Tri had no obligation to pay rent until the billboard was built and properly permitted. However, this does not mean that Tri did not provide valuable consideration under the agreement. An enforceable promise of future performance can be sufficient to establish consideration. *See Cardamone v. University of Pittsburgh*, 384 A.2d 1228, 1233 (Pa. Super. 1978) (noting that a promise not to pursue a law suit may constitute valid consideration). It is only when performance of a promise

is entirely optional at the unfettered discretion of the promisor that the promise is illusory, and therefore does not constitute consideration. **See Geisinger Clinic v. Di Cuccio**, 606 A.2d 509, 512 (Pa. Super. 1992). In effect, to render a promise illusory, the promisor must have "committed him/herself to nothing." **Id**. (citation omitted).

A promise is not illusory if it can be made enforceable through implying a duty of good faith. **See Starr v. O-I Brockway Glass, Inc.**, 637 A.2d 1371, 1373 (Pa. Super. 1994). Therefore, if Tri's promise to pay rent can be enforced by implying a duty to utilize reasonable efforts in erecting and permitting the billboard, it is valid consideration. We conclude that it is.

Similar to the contract in **Starr**, if Keyser had claimed that Tri had breached the lease agreement, Tri could not have defended the suit by proving it did not desire to build the billboard. In order to satisfy its duty under the agreement, Tri was required to undertake reasonable efforts to build the billboard. This was not an illusory promise; it constitutes valid consideration as a matter of law. The trial court erred when it concluded otherwise.

The trial court's discussion of a condition precedent does not negate this conclusion. The court determined that the lease agreement required Keyser to "provide [Tri] with certain easements over the [P]roperty and obtain all local and state permits … as condition precedent." Trial Court Opinion, 2/8/18, at 6. Here, the court found that "as of the date of trial … [the easement and local state permits] had not been satisfied." Trial Court Opinion, 2/8/18, at 6.

A condition precedent is a condition "that must occur before a duty to perform under a contract arises." **Acme Markets, Inc. v. Federal Armored Exp., Inc.**, 648 A.2d 1218, 1220 (Pa. Super. 1994) (citation omitted). An event in a contract will not be construed as a condition precedent "unless that clearly appears to have been the parties' intention." **Id**. (citations omitted). Finally, the failure of a condition precedent does not render a contract illusory; it merely provides a possible legal excuse for non-performance of an obligation under a contract. **See id**., at 1221.

Initially, then, the court erred by concluding that the failure of a condition precedent rendered the entire agreement illusory. Even if the easement and permits were conditions precedent, Keyser's failure to provide them would not automatically render the entire contract null and void. Rather, it would provide a possible excuse for non-performance under the contract.

Even the failure of a condition precedent may not absolve a party of their obligation to perform if enforcing the condition precedent would cause a disproportionate forfeiture. **See id**. While the easement and governmental permits may be conditions precedent to Tri's performance under the lease agreement, it does not follow that they were conditions precedent to Keyser's performance.

In fact, the most natural reading of the written contract is that Keyser promised Tri that he would utilize reasonable efforts to procure the easement and governmental permits. Keyser's failure to deliver on these promises is hardly a reason to excuse his failure to honor his other obligations under the

agreement. This would represent a disproportionate forfeiture even if the easement and permits were considered a condition precedent to Keyser's obligations under the contract.

Further, under the facts found by the court, it is clear Keyser breached the lease agreement by not informing Tri of the $9,000.00 offer. However, since specific performance of a contract is a matter of grace, not law, we must remand this case to the trial court for consideration of the equities.[2]

Verdict on claim for specific performance vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/19

---

[2] We note that the judge who sat for the bench trial is no longer on the bench. We leave it to the sound discretion of the trial court whether it is appropriate to re-open the record on remand.